ELIZA SCHLUTER, as Administratrix, etc., Appellant, *v.* THE
BOWERY SAVINGS BANK, Respondent.

Where a deposit is made in a savings bank in the name of a depositor, as
trustee for another, the depositor thereby constitutes himself a trustee,
and the title to the fund is thereby transferred from the depositor indi-
vidually to him as trustee.

Payment of such a deposit, however, to the administrator of the depositor,
in the absence of any notice from the beneficiary, is good and effectual
to discharge the bank, and this is so where the payment is to a foreign
administrator.

In 1872 one K., a married woman living in this state, deposited with
defendant a sum of money in trust for an infant daughter, which was so
entered upon its books and in the pass-book delivered to K. The parents
with the child subsequently moved to New Jersey, where K. died.
Letters of administration on her estate were issued to her husband in
New Jersey, and on demand, no other claim having been made or notice
given by the beneficiary, defendant paid the deposit to said adminis-
trator. Thereafter a will of K. was admitted to probate in this state.
In 1885 the child, who continued to reside in New Jersey, died, and
plaintiff was appointed administrator of her estate in this state, and
on refusal of defendant to pay to him the deposit brought this action
to recover the same. It appeared by the statutes of New Jersey, which
were put in evidence, that surrogates in that state have jurisdiction to
issue letters of administration in cases of intestacy. *Held,* that defend-
ant was discharged by the payment to the administrator of K.; that the
admission to probate of K.s will did not make the letters of adminis-
tration previously granted void ; but, until they were revoked, all persons
acting in good faith in dealing with the administrator were protected.

Also, *held,* that under the act of 1867 (Chap. 782, Laws of 1867) K. was
capable of being a trustee, and having constituted herself such here
and the trust fund having remained here, although by the laws of New
Jersey a married woman could not be appointed a trustee, the trust
could be enforced here.

The answer alleged that K. died an inhabitant of and domiciled in and a
resident of New Jersey; that thereafter letters of administration of her
estate were duly issued to her husband; that the surrogate had jurisdic-
tion and was duly authorized and empowered by the laws of said state
to issue said letters. It was claimed that these allegations were insuffi-
cient to permit the laws of said state to be read in evidence. *Held,*
untenable.

(Argued October 14, 1889; decided November 1, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 23, 1888, which affirmed a judgment in favor of defendant, entered upon a verdict directed by the court.

This action was brought to recover of defendant a deposit of $500, with interest.

In October, 1872, Margaret Knittel, then a married woman, deposited in the Bowery Savings Bank the money claimed in this action in trust for Antoinette Knittel, which was entered upon the books of the bank and the pass-book belonging to Mrs. Knittel as follows: "Bowery Savings Bank in account with Margaret Knittel in trust for Antoinette Knittel." Antoinette was then an infant about six years old and lived with her parents in this state. Subsequently they moved to the state of New Jersey where they lived until June 18, 1875, when Mrs. Knittel died. Her husband took out letters of administration on her estate in the state of New Jersey, and on October 22, 1875, the defendant paid to him, as such administrator, the deposit, with the interest thereon, then amounting to $629.40. Mrs. Knittel, in fact, left a last will and testament which was subsequently, on the 17th day of November, 1875, admitted to probate by the surrogate of the county of New York, and letters testamentary were issued to Charles Sier, the executor named in the will. Soon thereafter he demanded payment of the deposit to him, which was refused. On the 18th day of December, 1885, Antoinette, who continued to reside in the state of New Jersey, died, and the plaintiff was, on the fourteenth day of May thereafter, appointed by the surrogate of New York administrator of her estate. He then demanded payment of the deposit and the interest thereon, which was refused.

Further facts appear in the opinion.

*John McCrone* for appellant. The act of Margaret Knittel in making the deposit in trust for Antoinette Knittel created a trust as to the property, and she was thereby constituted a trustee and Antoinette vested with title as *cestui que trust*.

(*Martin* v. *Funk,* 75 N. Y. 134; *Willis* v. *Smyth,* 91 id. 297; *Mabie* v. *Bailey,* 95 id. 206; *Fowler* v. *B. S. Bk.,* 113 id. 450.) The payment by defendant to Louis Knittel was in violation of the provision of the contract of deposit, that on the decease of the depositor the amount shall be paid to her legal representative. (*Allen* v. *W. S. Bk.,* 69 N. Y. 314.) Louis Knittel was not the legal representative of the depositor. Her legal representative was Charles Sier, whom she appointed her executor, and who was legally constituted such under the statutes of the state of New York. (*Greenwood* v. *Holbrook,* 111 N. Y. 465; Story on Conflict of Laws, § 349; *Westhoff* v. *G. L. Ins. Co.,* 107 N. Y. 580.) The grant of letters of administration to Louis Knittel was fraudulent and void, and afforded no protection to defendant. (*Kerr* v. *Kerr,* 41 N. Y. 272; *Hoffman* v. *Hoffman,* 46 id. 34; *Hunt* v. *Hunt,* 72 id. 217, 225; *Roderigas* v. *E. R. Sav. Inst.,* 76 id. 316; *Griffith* v. *Frazier,* 8 Cranch, 24; Toller's Exrs. 120, 121; *Gray* v. *Fox,* Sax. [N. J.] 260; Wood's Pr. Ev. § 249; *Mills* v. *Martin,* 19 Johns. 7, 33; *Wheeler* v. *Raymond,* 8 Cow. 311.) Payments to foreign administrators have been sanctioned only where they were of assets of the estate. The administrator did not take by right of office in this state. (*Parsons* v. *Lyman,* 20 N. Y. 103.) The jurisdictional fact of intestacy must be proved in this state to authorize the grant of administration; and upon application for letters ancillary it must be shown that the case is within our law. (2 R. S. 74, 75, §§ 26, 31; Code Civ. Pro. § 2661, 2696, 2698.) The trust in the deposit which was created in this state did not devolve upon the administrator of Margaret Knittel appointed in New Jersey. (Laws New Jersey, 1855; N. J. R. [1877], 779; *Waldron* v. *Ritchings,* 3 Daly, 288; 9 Abb. Pr. [N. S.] 359.) Defendant, in making payment, was chargeable with knowledge that it was dealing with a person without authority in this state, and it was negligent in omitting to make inquiry, and should have required the production of ancillary letters. (2 R. S. 74, 75, §§ 26, 31; Code, §§ 2661, 2696, 2698.) The trustee being dead, the form of the deposit

in this case was notice to defendant of a right in the beneficiary. (Laws 1875, chap. 371, § 24.) The admission in evidence of the statutes of New Jersey relating to the Orphans' Court was error calling for reversal. (*Throop* v. *Hatch*, 3 Abb. Pr. 23.)

*Carlisle Norwood, Jr.*, for respondent. The relation between a savings bank and a depositor is that of debtor and creditor. (*Fowler* v. *B. S. Bk.*, 113 N. Y. 450, 453; *People* v. *M. and T. S. Inst.*, 92 id. 7; Laws 1834, chap 229, § 6.) Where money is deposited in a savings bank in the form of account shown in this case in the absence of any notice from the beneficiary, a payment to the depositor, or upon her decease to the administrator, is sufficient to discharge the bank. (*Boone* v. *C. S. Bk.*, 84 N. Y. 83.) While a foreign executor or administrator cannot maintain an action in our courts, a payment to a foreign administrator or executor is perfectly good and is a discharge of the debt. (*Parsons* v. *Lyman*, 20 N. Y. 103, 112; *Peterson* v. *C. Bk.*, 32 id. 21, 43; *In re Butler*, 38 id. 397, 400; *Middlebrook* v. *M. Bk.*, 3 Abb. Ct. of App. Dec. 295.) The statutes of New Jersey conferring jurisdiction on surrogates of counties to grant administration on the estates of persons dying within the county of such surrogate, a resident or inhabitant were properly read in evidence. (*Pringle* v. *Woolworth*, 90 N. Y. 502; *Murphy* v. *Martchuder*, 4 N. Y. Supp. 799; *Potter* v. *M. Bk.*, 28 N. Y. 641, 653.)

EARL, J. The defendant was incorporated by the act, chapter 229 of the Laws of 1834, and by section 6 of that act it was provided that deposits therein should be repaid to each depositor when required, and at such time, and with such interest and under such regulations as the board of mangers, from time to time, prescribed. One of the by-laws of the defendant, printed in the pass-book which was delivered to the depositor, provided that on the decease of any depositor the amount standing to the credit of the deceased should be paid to his or her legal representatives. We have several times held that by such a deposit the depositor constituted

himself or herself a trustee, and that the title to the fund was thereby transferred from the depositor individually to the depositor as trustee ; and in *Boone* v. *Citizens' Savings Bank* (84 N. Y. 83), a case entirely similar to this, we held that payment of the deposit to the administrator of the depositor, in the absence of any notice from the beneficiary, was good and effectual to discharge the savings bank ; and it is unnecessary now to repeat the reasoning of the opinion in that case.     Here there was no notice to the bank from the beneficiary, and the payment to the administrator of Mrs. Knittel was made in entire good faith.

But the claim is made that because Mr. Knittel was a foreign administrator, deriving his authority from administration granted in the state of New Jersey, he was not the personal representative of the deceased, and, therefore, payment could not legally be made to him.     Payment to the personal representative is good because at the death of the intestate he becomes entitled to all his personal property wherever situated, and having the legal title thereto he can demand payment of choses in action ; and a payment to him made anywhere, in the absence of any conflicting claim existing at the time, is valid.     It is true that if the defendant had declined payment the foreign administrator could not have brought action in this state to enforce it. But a voluntary payment to such an administrator has always been held valid.     Therefore, in receiving this payment Mr. Knittel was the representative of the deceased and able to give an effectual discharge to the defendant.     (*Parsons* v. *Lyman*, 20 N. Y. 103 ; *Peterson* v. *Chemical Bank*, 32 id. 21 ; *In the Matter of the Estate of Butler*, 38 id. 397 ; *Wilkins* v. *Ellett*, 9 Wall. 740.)

Mrs. Knittel, however, actually left a will which was subsequently admitted to probate.     But the letters of administration were not, therefore, void, the court having jurisdiction to grant them ; and, until they were revoked, all persons acting in good faith were protected in dealing with the administrator thus appointed.     And so it has always been held.     (*Roderigas*

v. *East River Sav. Inst.*, 63 N. Y. 460; 76 id. 316; *Kittredge* v. *Folsom*, 8 N. H. 98; *Patton's Appeal*, 31 Pa. 465.) Here the payment was made before the will was admitted to probate, and, at the time of such payment, Mr. Knittel was the legal representative of the deceased and authorized to administer upon her estate. Our attention has been called to no case, and we are confident that none can be found, holding that the subsequent discovery of a will and its admission to probate render the prior appointment of an administrator absolutely void, so as to give no protection to persons who, in dealing with the administrator, have acted on the faith thereof. (Woerner on Admin. 568, 571, 588.)

Under the act, chapter 782 of the Laws of 1867, Mrs. Knittel, although a married woman, was capable of being a trustee. She constituted herself a trustee here, and here the trust fund remained, and, therefore, although by the law of New Jersey a married woman could not be appointed a trustee, yet the trust could be enforced here. Her removal to that state did not divest her of the title to the fund she thus had, and that title remained in her, as no one was appointed to take it from her.

The statutes of New Jersey were proved, showing that the surrogate of the county, of which Mrs. Knittel was an inhabitant and resident at the time of her death, had jurisdiction to grant letters of administration upon her estate. While he had no authority to grant letters of administration unless she died intestate, intestacy, like inhabitancy, was one of the facts which he was to determine. He had general jurisdiction of the subject of administration, and having determined that she died intestate, he was authorized to grant administration upon her estate. The proceedings in the Surrogate's Court were properly exemplified and proved.

But the further claim is made that the answer was insufficient to permit the laws of New Jersey to be read in evidence for the reason that they were not therein alleged. It is there alleged, "that Margaret Knittel died an inhabitant of and domiciled in and a resident of Hoboken, Hudson county, New Jersey; that thereafter, and on the 19th of October,

1875, letters of administration on the goods, chattels rights and credits of Margaret Knittel, deceased, were duly issued to one Louis Knittel, the husband of the said Margaret Knittel, by the surrogate of the county of Hudson, state of New Jersey; that said surrogate had jurisdiction and was duly authorized and empowered by the laws of the state of New Jersey to issue said letters as aforesaid." We think these allegations were sufficient to authorize proof of the laws of New Jersey, and of the jurisdiction of the surrogate in issuing letters. If the plaintiff desired more specific allegations and was fairly entitled to them, he should have moved to make the answer more specific and definite. The answer gave him every information to which he was entitled. And he might, if he could, have shown that the surrogate had no jurisdiction, and that the laws did not authorize him to grant administration of the estate of Mrs. Knittel. So far as the case of *Throop* v. *Hatch* (3 Abb. Pr. 23), may seem to hold the contrary doctrine, it does not receive our approval.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.