### PEOPLE ex rel. LEWKOWITZ v. FITZGERALD, Register.

(Superior Court of New York City, Special Term.  January 9, 1893.)

MORTGAGE—SATISFACTION BY FOREIGN EXECUTOR—DUTY OF REGISTER.

    A satisfaction of a mortgage executed by a foreign executor of the mortgagee must be accepted by a register of deeds in New York when no letters testamentary have been issued there; such executor being a personal representative of the testator, within the meaning of 4 Rev. St. (8th Ed.) pt. 2, § 28, c. 3, p. 2474, which provides that any recorded mortgage shall be discharged of record by the officer in whose custody it shall be, on presentation to him of a certificate signed by the personal representatives of the mortgagee, and duly acknowledged, specifying that such mortgage has been satisfied.

At chambers. Application by Isidor Lewkowitz for a mandamus to compel Frank T. Fitzgerald, as register of the city of New York, to accept a satisfaction of a mortgage. Writ granted.

    Isidor Lewkowitz and wife made a mortgage, dated December 6, 1887, on two pieces of property, known as "Nos. 272 and 290 Grand Street, New York City," to Joseph B. Hoyt, to secure the sum of $10,000, which mortgage was recorded in Liber 2241 of Mortgages, p. 70. Mr. Hoyt, who was a resident of the state of Connecticut, died in 1888, leaving a will by which he appointed Thomas G. Ritch and others his executors. In February, 1889, the mortgagor paid to Mr. Ritch, as executor, the mortgage, and took a satisfaction piece thereof. This satisfaction the register of the city of New York declined to receive, on the ground that an executor appointed by the probate court of another state could not satisfy a mortgage in this state, though there were tendered to him at the time authenticated copies of the certificate of issue of letters testamentary to the said Thomas G. Ritch, as such executor.

Dixon, Williams & Ashley, for relator.

William H. Clark, Corp. Counsel, for respondent.

DUGRO, J. This is an application for a mandamus compelling the register to receive, file, and record in his office a satisfaction of a mortgage. The mortgage was made by the relator to a person now deceased. The satisfaction piece was executed by one who had received letters testamentary and qualified as executor in Connecticut. It appears that no letters have been issued in this state. The question is whether the register must accept the satisfaction piece of an executor, appointed in another state, if it appears that no letters have been issued in this state. I think he must. Under the circumstances, such an executor is a personal representative of the testator, within the meaning of the term as used in 4 Rev. St.[1] (8th Ed.) pt. 2, § 28, c. 3, p. 2474. There is no

---

[1] 4 Rev. St. (8th Ed.) pt. 2, § 28, c. 3, p. 2474, provides: "Any mortgage that has been registered or recorded, or that may hereafter be recorded, shall be discharged, upon the record thereof, by the officer in whose custody it shall be, whenever there shall be presented to him a certificate signed by the mortgagee, his personal representatives or assigns, acknowledged or proved and certified as hereinbefore prescribed, to entitle conveyances to be recorded, specifying that such mortgage has been paid, or otherwise satisfied and discharged."

doubt that a voluntary payment to such an executor would be valid, and discharge a debtor. Schluter v. Bank, 117 N. Y. 125, 22 N. E. Rep. 572. See, also, Doolittle v. Lewis, 7 Johns. Ch. 45; Stone v. Scripture, 4 Lans. 186; Vroom v. Van Horne, 10 Paige, 549; Parsons v. Lyman, 20 N. Y. 112. And, if the payment be of a debt secured by mortgage, I see no reason why the extinguishment of the debt should not operate so as to discharge the mortgage. It is unnecessary to consider the question which would arise if there had been at the time of the payment an executor or administrator in this state.

The writ may issue.