Dugro, J.
This is an application for a mandamus compelling the register to receive, file and record in his office a satisfaction of a mortgage. The mortgage was made by the relator to a person now deceased. The satisfaction piece was executed by one who had .received letters testamentary and qualified as executor in Connecticut. It appears that no letters have been issued in this State. The question is, whether the register must accept the *473 satisfaction piece of an executor appointed in another State if it appears that no letters have been issued in this State. I think he must. Under the circumstances such an executor is a personal representative of the testator within the meaning of .the term as used in section 28 of chapter III. of part II. of the Revised Statutes. There is no doubt that a voluntary payment to such an executor would be valid and discharge a debtor (Schluter v. Bowery Sav. Bank, 117 N. Y. 125 ; see, also, Doolittle v. Lewis, 7 Johns. Ch. 45 ; Stone v. Scripture, 4 Lans. 186 ; Vroome v. Van Horne, 10 Paige, 549; Parsons v. Lyman, 20 N. Y. 103), and if the payment be of a debt secured by mortgage I see no reason why the extinguishment of the debt should not operate so as to discharge the mortgage. It is unnecessary to consider the question which would arise if there had been at the time of the payment an executor or administrator in this State.
The writ may issue.