EDWARD WRIGHT, Appellant, *v.* ROBERT W. CHAPIN, Respondent.

*Direction for judgment in a decision or report — report — from what an appeal should be taken — complaint on a foreign judgment.*

A decision of the court, or the report of a referee, upon the trial of a demurrer must direct the final or interlocutory judgment to be entered thereon.

Upon the trial of an issue of fact the decision of the court, or the report of a referee, must state separately the facts found and the conclusions of law, and it must direct judgment to be entered thereon.

Upon an appeal from an interlocutory judgment, the decision filed pursuant to section 1021 of the Code of Civil Procedure may be reviewed, and it may also be reviewed upon an appeal from a final judgment where notice of an intention to review the interlocutory judgment is given in the notice of appeal, precisely the same as upon an appeal from a final judgment a decision filed under section 1022 of the Code of Civil Procedure may be reviewed, although no notice is given of an intention to review it.

The decision of the court upon the argument of a demurrer is not an order, and there can be no appeal therefrom as such; the only way in which it can be reviewed is by an appeal from the interlocutory or final judgment.

Section 1316 of the Code of Civil Procedure does not extend the right of appeal; it simply authorizes a party aggrieved by an order which is appealable under section 1347 of the Code of Civil Procedure, and which has not already been reviewed upon a separate appeal, to review the same upon an appeal from the final judgment.

A judgment was recovered in the courts of Canada directing that a sum of money be paid by the defendant into court. Thereafter an action was commenced in the State of New York by the same plaintiff against the same defendant upon such judgment to recover the amount thereof. It was alleged in the complaint that the plaintiff was entitled, under the Canadian laws, and the rules and practice of the courts, to enforce such judgment against the defendant with the same force and effect with which he could enforce a personal judgment against him for the same amount, and that the plaintiff was the proper person

to receive payment for the purpose of enforcing the same. The defendant demurred to the plaintiff's complaint, on the ground, among others, that it did not state facts sufficient to constitute a cause of action.

*Held,* that the complaint showed a personal right in the plaintiff to maintain the action, and that the demurrer thereto could not be sustained.

APPEAL by the plaintiff, Edward Wright, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 27th day of June, 1893, sustaining the defendant's demurrer to the complaint, with notice of an intention to bring up for review on such appeal the interlocutory judgment, entered in said clerk's office on the 18th day of May, 1893, upon a decision of the New York Special Term.

*A. C. Rounds,* for the appellant.

*H. B. Closson,* for the respondent.

VAN BRUNT, P. J. :

In this action a demurrer was interposed to the complaint, and after a trial of the issue of law a decision was made by the court, pursuant to section 1021 of the Code, sustaining the demurrer upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action and that there was a defect of parties apparent upon the face of the complaint, in that George Goodwin was not made a party plaintiff or defendant, and directing that an interlocutory judgment be entered sustaining the demurrer, with leave to the plaintiff to amend, and further directing that in case the plaintiff should fail to amend, final judgment should be entered sustaining said demurrer, with costs. The interlocutory judgment was thereupon entered, and the plaintiff not having amended, the final judgment was entered, and from such final judgment this appeal was taken, and notice was given that, upon the appeal, the interlocutory judgment would be brought up for review.

It is now urged that, inasmuch as the appeal is taken from the final and interlocutory judgments, and no notice is given of any intention to review the order directing their entry, the appeal brings up only the question whether the judgment conforms to this order, and certain decisions of the Superior Court are cited to sustain this

proposition, and also the case of *Cambridge Valley Bank* v. *Lynch* (76 N. Y. 514). The head-note of this last case is presented upon the brief, but an examination of the opinion will show that the conclusions of the head-note, which are relied upon by the respondent, by no means follow therefrom.

It will be seen that the provisions of section 1021 in reference to the decision of the court upon the trial of issues of law raised by demurrer, are similar to those of section 1022 in reference to what is to be done by the court or referee upon the trial of the whole issue of fact. In the one case the decision of the court, or the report of the referee upon the trial of a demurrer, must direct the final or interlocutory judgment to be entered thereupon. Upon the trial of the whole issue of fact, the decision of the court or the report of the referee must state separately the facts found and the conclusions of law, and it must direct the judgment to be entered thereupon.

We have never heard it advanced *but once*, that in the case of an appeal from a judgment entered upon a referee's report or the decision of the court, in order to bring up for review the proceedings upon the trial, it was necessary to mention that the decision, in which was stated the facts found and the conclusions of law, and which directed judgment to be entered thereupon, would be brought up for review. The theory upon which this fallacy rests in the case of a demurrer, is that the decision mentioned in section 1021 is an order. It is no more an order than the decision mentioned in section 1022. In the case of *Cambridge Valley Bank* v. *Lynch* it is held that there is no appeal from such a decision, although it may be an order, because there is no provision in section 1347 for such an appeal. But the court hold that the only way in which such a decision may be reviewed is upon an appeal from the interlocutory or the final judgment. It by no means holds, however, that by the provisions of section 1316 the right of review is extended to every order upon appeal from a final judgment whether mentioned in section 1347 as an appealable order or not. There is no intention of extending the right of appeal by section 1316. All that is intended to be done is to permit the party who feels himself aggrieved by an order which, under the provisions of section 1347, is appealable, and has not already been reviewed upon a separate

appeal therefrom, to review such order upon the appeal from the final judgment. This is plainly stated by section 1316, which does not seem to admit of the construction claimed.

We think, therefore, that upon an appeal from an interlocutory judgment the decision filed pursuant to section 1021 may be reviewed, and also that upon an appeal from a final judgment in which notice of an intention to review the interlocutory judgment is given, precisely the same as, upon appeal from a final judgment, a decision filed under section 1022 may be reviewed, although no notice is given of an intention to review such an order. It seems to us clear that the appellant is correct in his practice.

The complaint in this action alleged that in October, 1889, the plaintiff purchased certain Canadian lands of one Goodwin, and gave him a purchase-money mortgage of $60,000. Subsequently, the defendant being about to purchase these lands of the plaintiff, he and Goodwin made an agreement by which Goodwin agreed to accept, in satisfaction of the unpaid $60,000 of purchase money and of the mortgage given by the plaintiff, the sum of $52,500; and the defendant promised to pay Goodwin this reduced sum. Shortly afterwards the defendant purchased these lands of the plaintiff, and by the deed agreed to pay Goodwin the $52,500 and to relieve the plaintiff of and from and to indemnify him against all liability whatever to Goodwin. The defendant also, by the deed, agreed to relieve the lands from the lien of the mortgage, but no time in which the defendant was to perform is alleged. The defendant thereafter paid Goodwin some $30,000 of the $52,500.

The plaintiff subsequently repurchased the land, but avers that by the deed of purchase the obligations of the defendant in the premises were unaffected. Subsequently Goodwin brought an action in the Canadian courts against the defendant and others, to which the plaintiff was not a party, and obtained a judgment decreeing a foreclosure of the lien of Goodwin upon said lands, and directing a sale thereof for the satisfaction of said lien. Subsequently the plaintiff commenced an action against the defendant in the Canadian courts to enforce the liability of said defendant to said plaintiff arising from the facts above set forth, in which action the defendant duly appeared, and such proceedings were thereupon had that in May, 1892, the plaintiff duly recovered a final judgment

directing that said defendant pay into court the amount due said Goodwin in respect to his said claim, the amount thereof to be settled, etc., which amount was subsequently settled at $22,429.28, and the costs were thereafter taxed and allowed at the sum of $318.60.

The complaint then alleges : That under and pursuant to the laws of the Province of Ontario and the Dominion of Canada, and under and pursuant to the practice and rules of the said court, the judgment above mentioned was given, and has all the force and effect of a personal judgment for the said sum of $22,429.28, and for the said sum of $318.60, as and for costs and disbursements, making a total of $22,747.88 in favor of the said plaintiff against the said defendant, and plaintiff was and is, under and pursuant to the said laws, rules and practice, entitled to enforce the said judgment against the said defendant in all ways, and with the same force and effect, in or with which he could enforce a personal judgment against the said defendant for the said amount, and that, under and by virtue of the said laws, rules and practice the plaintiff is the person to receive payment for the purpose of enforcing the same.

The complaint further alleges that payment has been demanded, and no part thereof has been paid, and that the whole of said sum is due and owing, for which judgment is demanded. ,

A demurrer to this complaint was interposed to the effect that another action was pending between the same parties for the same cause ; that there was a defect of parties in that Goodwin was not joined as a party ; and that it did not state facts sufficient to constitute a cause of action. The court decided that the amended complaint does not state facts sufficient to constitute a cause of action, and that there is a defect of parties. An interlocutory judgment was entered as above mentioned, and subsequently a final judgment, and from these judgments this appeal is taken.

It is urged that the complaint does not state facts sufficient to constitute a cause of action, because by the prayer for judgment the plaintiff seeks to recover for himself the money directed to be paid into the Canadian court by the Canadian judgment. It is urged that that judgment determined that it is into the Canadian court, and not to the plaintiff, that the defendant must make payment, and that when the plaintiff comes into this court in a suit on that judgment,

and in the face of it, asks that the money be paid to him, it would seem that the rule to which 'he appeals requires that he be thrown out of court; and the case of *Greene* v. *Republic Fire Ins. Co.* (84 N. Y. 572), which was an action on a Mississippi judgment, is cited in support of this proposition. All that that case decides is that, it appearing upon the face of the declaration 'that the action was brought for the use and benefit of the plaintiff, in view of the rule of the common law which prevailed in that State, that choses in action were not assignable, it was held that the judgment roll furnished presumptive evidence that the plaintiff was the owner of the judgment, and that the plaintiff in the Mississippi action was merely a nominal party having no interest in or right to control it, and that he was not a trustee in any legal sense under the Code, and that the plaintiff alone could sue upon the judgment.

In view of the allegation in the complaint that, pursuant to the practice and rules of the Canadian court, a judgment entered in the manner in which this judgment was, entitled the plaintiff to enforce the judgment against the defendant in all ways and with the same force and effect with which he could enforce a personal judgment against the defendant for the same amount, it seems to us that he shows a personal right to maintain his action and collect the money.

But it is urged that the appellant's allegation in respect to the laws, rules and practice of Canada and Canadian courts is not sufficient to justify any proof of the law and practice of Canada, and the case of *Rothschild* v. *Rio Grande Western Railway Co.* (59 Hun, 455) is cited, which case undoubtedly sustains the contention of the respondent so far as relates to proof of foreign laws. But this case is, we think, overruled by the case of *Schluter* v. *Bowery Savings Bank* (117 N. Y. 125, 131), in which an allegation that a surrogate of New Jersey had jurisdiction and was duly authorized and empowered by the laws of New Jersey to issue letters of administration, was held to be sufficient to authorize proof of the laws of New Jersey and the jurisdiction of the surrogate in issuing letters.

The allegation in question, in the case at bar, being admitted by the demurrer, there seems to be no reason why the action upon the part of the plaintiff, as the party entitled to collect the money, cannot be maintained.

The judgment should, therefore, be reversed, with leave to the defendant to answer upon payment of the costs of the appeal and of the demurrer in the court below.

O'Brien and Parker, JJ., concurred.

Judgment reversed, with leave to the defendant to answer upon payment of the costs of the appeal and of the demurrer in the court below.