WRIGHT v CHAPIN.

(Supreme Court, General Term, First Department. May 17, 1895.)

1. ACTION—WHO MAY SUE—PROMISE TO PAY THIRD PERSON.
    Where plaintiff, who bought land from one G., sold it to defendant in consideration of defendant's agreement to pay G. the amount of purchase money due from plaintiff, and to relieve plaintiff from his liability to G., plaintiff may sue defendant for such amount.

2. MEASURE OF DAMAGES—BREACH OF CONTRACT.
    In such case the measure of damages is the amount due from plaintiff to G.

3. ACTION ON JUDGMENT—COMPLAINT.

   The complaint in an action to recover the amount of a judgment rendered in Canada in favor of plaintiff, directing the amount of the recovery to be paid into court, recited the judgment, and alleged that under the laws of Canada, and the practice and rules of the court, it had the effect of a personal judgment. *Held*, that the complaint stated a cause of action, notwithstanding the provision in the judgment sued on directing payment into court.

4. SAME—PROOF OF FOREIGN LAWS.

   In an action on a foreign judgment, an allegation in the complaint that under the laws of the foreign country, and the rules and practice of its court, such judgment has a certain effect, is sufficient to authorize the admission of evidence as to such laws, rules, and practice.

Appeal from special term, New York county.

Action by Edward Wright against Robert W. Chapin. From a judgment in favor of plaintiff for the sum of $26,750.61, defendant appeals. Affirmed.

The opinion of Mr. Justice INGRAHAM at special term is as follows:

On the appeal to the general term from the judgment sustaining the demurrer there was but one question considered, and that was upon the right of the plaintiff to recover upon the judgment pleaded; and it was held that, the complaint having alleged that the judgment of a Canadian court was a personal judgment authorizing a recovery by the plaintiff of a sum of money from the defendant, and that allegation having been admitted by the answer, the action upon that judgment could be maintained. Nothing was said as to the right of the plaintiff to recover for the breach of the contract set up in the complaint. Upon the question of the necessity of making Goodwin a party defendant, although that question was not discussed, the court must have disagreed with the court below, as, if Goodwin was a necessary party, the judgment would necessarily have been affirmed. The plaintiff now claims the right to recover for a breach of the original obligation. The complaint alleges the making of the agreement, and its breach by the defendant, and these allegations are admitted by the answer. The subsequent judgment of the Canadian court, adjudging that the defendant pay the amount due to Goodwin into the court, is also alleged. It does not appear that the learned justice who tried the original issue of law raised by the demurrer considered the question as to whether or not the plaintiff was entitled to recover for a breach of the original obligation, as that case appears to have been submitted to him as an action upon the judgment only. If the only cause of action set up in the complaint was upon the judgment, the other allegation of the original obligation, and its breach by the defendant, would have been unnecessary, as the judgment itself was all that was necessary to plead. In this complaint the making by the defendant of the agreement to pay is alleged, and I can see no reason why the plaintiff is not entitled to enforce that agreement. Here the plaintiff seeks for a money judgment against the defendant, and, if that cause of action was merged in the Canadian judgment, then it would follow that the plaintiff would be entitled to recover a money judgment upon the proof of the Canadian judgment, and yet the right to recover on that judgment in this action is strenuously denied by the defendant. Nor can it be said that the Canadian judgment is an adjudication that the plaintiff is not entitled to recover a money judgment against the defendant, for by the original obligation the agreement of the defendant was to pay to Goodwin the amount due by plaintiff to him, and the Canadian court held that plaintiff was bound to pay Goodwin that amount. It did not pass upon the question as to whether or not this plaintiff was entitled to recover the amount that the defendant had agreed to pay Goodwin in case of the defendant's failure to comply with his agreement. Nor does it appear that in the Canadian action plaintiff claimed his right to recover a money judgment against the defendant upon the defendant's failure to comply with his agreement to pay Goodwin. That judgment simply held that

the defendant was bound to pay Goodwin, and adjudged that he should pay him; and, notwithstanding that adjudication, the defendant has refused to comply with his contract.

The plaintiff now in this action asks that he be allowed to recover against the defendant by reason of the failure of the defendant to comply with his contract to pay Goodwin what he agreed to pay him; and if, upon the conceded facts, plaintiff is entitled to such a judgment, I cannot see that an adjudication of the Canadian court that defendant was bound to fulfill his contract to pay Goodwin was an adjudication that plaintiff was not entitled to recover from the defendant the damages that he sustained because defendant had refused to do what he was bound to do, namely, to pay Goodwin. The defendant having answered, and the case now coming on to be tried upon the pleadings and proofs, I think the plaintiff is entitled to a determination of the question whether or not, upon the facts as admitted and proved, he is entitled to judgment against the defendant. There can be, I think, no doubt but that when A. agrees with B. to pay to C. a debt which B. owes C., and breaks his agreement, C. has an action against B. for a breach of that agreement. The material question is as to the measure of damages, and this is the precise cause of action that plaintiff alleges and the defendant admits. It is true that under this contract defendant agreed with plaintiff that he would pay Goodwin; but the contract was between the plaintiff and the defendant, and the defendant has broken his contract. The question, therefore, is whether there was a valid contract between plaintiff and defendant, based upon a good consideration, by which the defendant agreed to pay Goodwin a sum of money; whether that contract has been broken by the defendant; and whether plaintiff has sustained any damage in consequence of that breach of the contract. It is first necessary to understand just what promise the defendant made to plaintiff, and whether there has been a breach of that promise. The complaint alleges that by a certain indenture by him made, executed, and delivered, the plaintiff, for and in consideration of the covenants and agreements of the defendant in said indenture contained, and more particularly for and in consideration of his covenant and agreement to pay the purchase price of those lands in the indenture mentioned, and in the mode thereinafter stated, and for and in consideration of other good and valuable considerations, duly granted, bargained, sold, ceded, and assigned unto the defendant the lands therein described, together with the buildings thereon situated, and the appurtenances thereto belonging, subject to the lien or mortgage thereon existing in favor of the said Goodwin; that the said defendant, for and in consideration of the said grant, bargain, sale, assignment, and conveyance, and the covenants and agreements of the said Wright in the said indenture contained, duly and expressly covenanted, undertook, and agreed faithfully and truly to pay to the said Goodwin, as a part of the purchase price of the said lands, the said sum of $52,500 mentioned in a certain indenture or agreement entered into between said Goodwin and this defendant on or about the 21st day of May, 1890, at the time and in the mode in the said indenture mentioned, said payment to be in full satisfaction and discharge of all claims of the said Goodwin in, upon, or against the said property or against this plaintiff; * * * and the said Robert W. Chapin, defendant herein, for the said consideration, duly covenanted and agreed to relieve the said Edward Wright of and from, and to indemnify him against, all liability whatsoever to the said George Goodwin under or by virtue of the covenants and agreements contained in the indenture executed by the said Goodwin on or about the 22d day of October, 1889, * * * and thereby the said Robert W. Chapin, for the said considerations, further covenanted and agreed to relieve the said lands, mentioned and described in the said deed, of and from the said lien, mortgage, or hypothecation in favor of the said Goodwin, as above more particularly mentioned and described. This allegation is admitted by the answer.

It thus appears that defendant purchased lands from plaintiff, and as consideration for such purchase agreed to pay Goodwin the debt that plaintiff owed Goodwin, and agreed to relieve plaintiff of and from all liability to said Goodwin. The defendant, therefore, has the plaintiff's property, and as the consideration of the conveyance of the property he agreed to pay a debt of plaintiff's to Goodwin, and to relieve plaintiff from the liability which he

was under to Goodwin; and that covenant the defendant has failed to perform by failing to pay $22,429.38 of the said indebtedness of plaintiff to Goodwin. This covenant is not strictly a covenant for indemnity against loss, but an express covenant to do a particular act, namely, to pay Goodwin the money due him, and to relieve plaintiff from a liability to Goodwin; and the damage sustained by plaintiff by a breach of that covenant is the amount of the liability from plaintiff to Goodwin. I think this was determined in the case of Port v. Jackson, 17 Johns. 239. In that case it appeared that the plaintiff, being the owner of a certain indenture of lease, assigned the same to the defendant for the consideration therein mentioned, for the residue of the term demised then unexpired, and the defendant in and by the same indenture covenanted with the plaintiff, his executors, etc., that he, the defendant, would keep and perform all the covenants, payments, and agreements mentioned and contained in the indenture of demise which, on the part and behalf of the plaintiff, were or ought thereafter to be paid, done, and performed; that the defendant had not paid the yearly rent for twenty-four years and a half prior to the commencement of the action to the original lessors; and the plaintiff in that action sought to recover from the defendant the amount unpaid; and the question was presented whether the plaintiff ought to have averred that he had been damnified by a breach of the covenant on the part of the defendant in having either voluntarily or compulsorily paid the rents in arrears, and it was claimed on the part of the defendant that until the plaintiff had paid the rent he could not maintain an action at law; in other words, that the covenant is not broken until the plaintiff has satisfied the rent. And the court said: "This is a mistake. The covenant is that the defendant shall pay the rent to the lessor as it falls due, and the moment the day of payment is passed, and the rent is left unpaid, the covenant is broken as well according to its words as its spirit, and the action is, at all events, maintainable. Another question then arises;— what shall be recovered? Nominal damages only, or the amount of the rent due? My opinion is that the latter is recoverable. The covenant is not that the defendant shall indemnify the plaintiff against his own covenant in the lease, or against any damage which he may sustain, but it is express and positive that the defendant will pay the rent, for which the plaintiff continued to be liable, notwithstanding the assignment. The sum to be paid is certain and liquidated, and the breach of the covenant consists in the nonpayment of it, and a plea of non damnificatus would, therefore, be no answer to the declaration." In arguing this question the court supposes this case: "Suppose a covenant is entered into by A. with B. that he will pay B.'s bond to a third person when it falls due. There cannot be a question that if A. makes default he is liable for the amount of the bond, though B. has not paid it himself." It seems to me that this supposed case is the exact case here. The defendant has agreed that he will pay Goodwin the debt that plaintiff owes Goodwin. The time of the payment of that debt has arrived, and defendant has made default. And it would seem that he is liable for the amount still due upon the plaintiff's obligation to Goodwin, although plaintiff has not paid it to Goodwin himself. I do not find that this case has been at all questioned, but it has been reaffirmed by many cases in this state. In Kohler v. Matlage, 72 N. Y. 266, the action was to enforce a bond, the condition of which was that if one Chapman "shall well and truly pay or cause to be paid unto the proper parties the balance of the debts of the concern for manufacturing a variety of bread known as 'Kohler's Cream Bread' remaining due and unpaid upon the delivery of this bond, and which is stated by said Chapman not to exceed $2,500, within nine months after the date of the bond, then it was to be void." The court held that this was an original obligation to pay the debts, and not an indemnity against loss or damage by reason of a liability to pay the debts,—in one case the covenantee is to be saved from the thing specified, and in the other from the consequences of it,—and held that the plaintiff was entitled to recover without allegation or proof that he had paid the debts. The question is discussed at some length in an opinion of Mr. Odell, as referee, in the case of Adams v. Symon (Sup.) reported in 6 N. Y. Supp. 652, and I think that opinion very satisfactorily answers the objection taken by the defendant to the recovery upon the obligation sued on in this action. The allegation of the recovery

of the Canadian judgment is entirely immaterial here. It is, however, conclusive evidence between the parties that the defendant was bound to carry out the agreement and to pay Goodwin, and that on the date of the entry of that judgment there was due this amount claimed. The covenant of the defendant here is quite different from that before the court in the case of Slauson v. Watkins, 86 N. Y. 597, for there, as part of the consideration of the sale of the premises by Slauson to Watkins, the latter assumed a mortgage on the property, and that consideration of the conveyance was paid by assuming the mortgage, and there could be no recovery until it was ascertained that there would be a deficiency upon the foreclosure of the mortgage. Here the covenant was, not that the defendant would assume a mortgage, but that he would pay to Goodwin the amount that plaintiff owed him. I think, therefore, that on the conceded facts, under the authority stated, plaintiff is entitled to judgment against the defendant for the amount claimed with interest, and judgment is directed accordingly.

Argued before VAN BRUNT, P. J., and FOLLETT and PARKER, JJ.

H. B. Closson, for appellant.
Arthur C. Rounds, for respondent.

PER CURIAM. The defendant seems to be greatly distressed by the fear that, in case he pays this judgment, the plaintiff may decamp with the money, and the defendant left to pay the Canadian judgment of a like amount. Should the defendant pay the Canadian judgment, and so relieve the plaintiff in this action from his liability on his covenant to George Goodwin, there might be a way found of reducing the present judgment by the amount paid on the Canadian judgment, without making double payment. The judgment should be affirmed, with costs, on the opinion of this court reported in 74 Hun, 521, 26 N. Y. Supp. 825, and on the opinion of Mr. Justice INGRAHAM rendered on the trial of this action.