under contract with defendant, and if such is the case interpleader cannot be granted. McCreery v. Inge, 49 App. Div. 133, 63 N. Y. Supp. 158. For the reasons stated, the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs, with leave, however, to renew the application on other papers.

Order reversed, with $10 costs, and motion denied, with $10 costs, with leave to renew application on other papers.

(35 Misc. Rep. 193.)

## MAAS v. GERMAN SAV. BANK IN THE CITY OF NEW YORK.

(City Court of New York, General Term. May, 1901.)

PAYMENT TO FOREIGN ADMINISTRATOR.

    A savings bank paid a deposit therein to a foreign administrator of a deceased depositor upon his production of a certified copy of his letters. A domestic administrator of the depositor had been appointed in the same county five months before the foreign administrator's appointment. *Held*, that the presentation of the foreign letters put the bank on inquiry as to the appointment of a domestic administrator in its county, and such payment to the foreign administrator was no protection against the claim of the domestic administrator.

Appeal from trial term.

Action by Charles Maas, administrator, against the German Savings Bank in the City of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN and DELEHANTY, JJ.

E. B. & W. J. Amend (E. I. Spink, of counsel), for appellant.
Wensley & Gilroy, for respondent.

DELEHANTY, J. This action is to recover the amount of a deposit made by the plaintiff's intestate in her lifetime with the defendant. The trial was had before the court without a jury, upon a conceded state of facts, which shows the following: On the 13th day of May, 1896, Frieda Maas opened the account in question, being then a resident of Hudson county, in the state of New Jersey, which residence was known to the defendant, and continued to there reside until her death, on November 15, 1898, intestate, leaving, her surviving, two minor children as her only next of kin. Letters of general guardianship of said minors were issued to the plaintiff by the surrogate of New York county on November 23, 1898, and subsequently, and on March 9, 1899, the said surrogate issued to the said plaintiff letters of administration of the goods, chattels, and credits of said Frieda Maas, deceased. No notice of these respective appointments was given by the plaintiff to the defendant until August 26, 1899. On August 23, 1899, the surrogate of Hudson county, N. J., duly appointed one Frederick Maas as administrator of the goods, chattels, and credits of the said decedent, Frieda Maas, and on the same day he duly qualified and presented to the defendant a certified copy of his letters, together with the pass book is-

sued to the decedent, and demanded payment of the balance due
thereon, which was thereupon paid him in his representative ca-
pacity. Three days later the plaintiff gave the bank notice of his
appointment as guardian of the minors, and also as administrator,
demanded payment of said account, and two days later commenced
this action.

It is conceded that the surrogates of New York county and Hudson
county had jurisdiction to issue letters of administration as was
done. The question before the trial justice, and now before us, is,
was the payment to the foreign administrator, under the circum-
stances, such as discharged the defendant from further obligation in
connection with this matter? The learned trial judge has decided
adversely to the defendant on that proposition, and from the judg-
ment entered upon his findings this appeal is taken. The point in-
volved is novel, as is shown by the sparsity of decisions touching
the same. As a general proposition, it is well settled that a for-
eign administrator of the beneficiary of a fund deposited with a
New York bank has power to demand payment of the bank, and,
if payment is made, his discharge in his representative capacity
would be effectual. Schluter v. Bank, 117 N. Y. 125, 129, 22 N. E.
572, 5 L. R. A. 541, and authorities there cited. But does this rule
apply in a case, as here, where there was at that time a domestic
administrator? I think not. It is conceded that the plaintiff re-
ceived his appointment by the surrogate of this county in March,
1899, while the New Jersey administrator was not appointed until
the following August. It does not appear, however, that the plain-
tiff knew of the deposit in question prior to his demand for pay-
ment on August 26, 1899, nor is it material to the decision of this
appeal. The fact is that, when the bank made payment to the
foreign administrator, the plaintiff had already been duly author-
ized by a court of competent jurisdiction in this county to admin-
ister the assets of the deceased found therein. The mere fact of
the presentment of foreign letters was sufficient, I think, to put
the defendant upon inquiry to discover whether our courts had yet
acted in the matter. The duty imposed upon the bank was to ex-
ercise ordinary care in making over the deposit. It could have re-
quired the foreign administrator, as a condition precedent to pay-
ment, to apply for ancillary letters of administration; but when it
paid the fund without resorting to those safeguards it failed in its
obligation, and continued its liability. Ficken v. Bank, 33 Misc.
Rep. 92, 67 N. Y. Supp. 143.

The appellant contends, however, as is the law, that the juris-
diction of a surrogate over the estate of a nonresident decedent
depends upon whether there is property belonging to such estate
within his county, and if there is, and not in any other county of
the state, his jurisdiction is exclusive, but if there is property in
more than one county the jurisdiction is concurrent (citing Code
Civ. Proc. §§ 2476, 2477); and claims that if the mere appointment
of an administrator within the state, without notice, was sufficient
to put the bank upon inquiry, it would be necessary to examine the
records of every surrogate in the state in order to protect a debtor.

This, as he insists, would be a harsh and unjust requirement, with which I agree. No court, under the circumstances, would, in my opinion, compel it. As stated, the bank was only held to ordinary care, which required, in this instance, an inquiry as to whether the surrogate of New York county had acted, he having original jurisdiction of the funds of decedent in question. That caution, if exercised, would have revealed the appointment of plaintiff, as stated. Recognizing the authority of Stone v. Scripture, 4 Lans. 186, wherein it is held that a foreign administrator cannot discharge a mortgage upon a nonresident's property within this state, as against a domestic administrator, which I consider controlling herein, and in view of the foregoing, I think the judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.