ANDREW ROMANCHICK, EXECUTOR OF THE ESTATE OF JOHN URBANOWICZ, DECEASED, PLAINTIFF-APPELLANT, v. HOWARD SAVINGS INSTITUTION, DEFENDANT-RESPONDENT.

Submitted May 28, 1937—Decided September 22, 1937.

For the plaintiff-appellant, *Rospond & Rospond*.

For the defendant-respondent, *Pitney, Hardin & Skinner* and *Frederick Frelinghuysen*.

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Essex County Circuit Court entered in favor of the defendant and against the plaintiff by a judge of said court to whom the case was submitted upon an agreed state of facts.

Plaintiff sued as executor of the estate of John Urbanowicz for a sum on deposit with the defendant bank in the name of his decedent at the time of his death on April 15th, 1936.

Urbanowicz died in Canada, while visiting in that country, and on May 22d, 1936, the Surrogate's Court in Canada appointed Toronto General Trusts Corporation, a public administrator, as administrator of his estate and letters were issued. On June 5th, 1936, the Canadian administrator demanded payment of the $2,526.69 on deposit with the defendant, presenting evidence of its administration, passbook, &c., and on June 9th, 1936, the defendant made payment in accordance with this demand.

The agreed state of facts admits that at the time of his death Urbanowicz was really domiciled in the town of Irvington, New Jersey, and was merely visiting in Canada; that decedent left a last will and testament which named plaintiff as executor; that on or about July 22d, 1936, plaintiff notified defendant of the true facts and of his claim as executor to the bank deposit; the will was admitted to probate on August 4th, 1936. There is no suggestion or claim that there was any property of the decedent located in Canada which could be a subject of administration. The passbook was found among his personal effects when he died.

After his qualification as executor, plaintiff demanded the deposit, or fifty per cent. thereof pending production of inheritance tax waivers, in accordance with the regulations. This is what he seeks in the present action.

The court below held that the claim of the plaintiff was in effect a collateral attack upon the decree of the Canadian court and that this could not be made in the present action. He therefore entered judgment for the defendant.

Appellant argues first that the payment to the administrator appointed in Canada was unauthorized by law. It is claimed that an administrator has no authority to act outside of the jurisdiction in which he is appointed. This may be true so far as his right to enforce collection of debts goes, but the holding of our cases is that payment to a foreign administrator protects the debtor even though the administrator could not have enforced collection by suit. It is held that the personal representative is entitled to the personalty and payment to him is proper. *In re Election of Directors, &c.*, 51 *N. J. L.* 78; *Wilkins* v. *Ellett*, 16 *U. S.* 740; 19 *L. Ed.* 586.

The other question involves the alleged collateral attack upon the Canadian appointment of the administrator. Respondent cites several New Jersey cases to the effect that letters of administration are conclusive and may not be attacked collaterally, and also relies on the constitutional provision that decrees of another state are entitled to full faith and credit, and says this credit has likewise been extended to the judicial acts of foreign countries which recognize our courts, citing *Hilton* v. *Guyot,* 159 *U. S.* 113, and *Ritchie* v. *McMullen,* 159 *Id.* 235. However, in those cases the jurisdiction of the court of the foreign country over the subject-matter and the parties was taken as admitted, and there is nothing in the opinions to preclude examination into that question. In *Hilton* v. *Guyot, supra* (at *p.* 166), Mr. Justice Gray says: "Every foreign judgment, of whatever nature, in order to be entitled to any effect, must have been rendered by a court having jurisdiction of the cause, and upon regular proceedings and due notice. In alluding to different kinds of judgments, therefor, such jurisdiction, proceedings and notice will be assumed."

An exception to the rule requiring credit to be given to the judgments of foreign states has always existed where the ground of the attack is lack of jurisdiction in the court making the decree. We are of the opinion that the question here is one of jurisdiction. If the decedent was not a resident of Canada, the courts of that country had no jurisdiction to issue general letters of administration. That function is exercised in the domicile of a decedent.

Respondent relies on *Schluter* v. *Bowery Savings Bank,* 117 *N. Y.* 125; 22 *N. E. Rep.* 572, a case in which letters of administration were issued in New Jersey and subsequently a will was probated in New York; why probated in New York does not appear, when testatrix was a resident of New Jersey. The defendant bank had paid money on deposit to the New Jersey administrator before appointment of the New York executor and it was held such payment discharged its liability. Respondent cites from that case:

"Mrs. Knittel, however, actually left a will, which was subsequently admitted to probate. But the letters of administra-

tion were not therefore void, the court having jurisdiction to grant them; and, until they were revoked, all persons acting in good faith were protected in dealing with the administrator thus appointed."

The phrase "the court having jurisdiction to grant them" is to be noted.

An examination of the report of this case discloses the further language:

"The statutes of New Jersey were proved, showing that the surrogate of the county of which Mrs. Knittel was an inhabitant and resident at the time of her death had jurisdiction to grant letters of administration upon her estate. While he had no authority to grant letters of administration unless she died intestate, intestacy, like inhabitancy, was one of the facts which he was to determine. He had general jurisdiction of the subject of administration; and, having determined that she died intestate, he was authorized to grant administration upon her estate. The proceedings in the Surrogate's Court were properly exemplified and proved.

"But the further claim is made that the answer was insufficient to permit the laws of New Jersey to be read in evidence, for the reason that they were not therein alleged. It is there alleged 'that Margaret Knittel died an inhabitant of, and domiciled in, and a resident of, Hoboken, Hudson county, New Jersey; that thereafter, and on the 19th day of October, 1875, letters of administration on the goods, chattels, rights and credits of Margaret Knittel, deceased, were duly issued to one Louis Knittel, the husband of the said Margaret Knittel, by the surrogate of the county of Hudson, State of New Jersey; that said surrogate had jurisdiction, and was duly authorized and empowered, by the laws of the State of New Jersey, to issue said letters as aforesaid.' We think these allegations were sufficient to authorize proof of the laws of New Jersey, *and of the jurisdiction of the surrogate in issuing letters.* If the plaintiff desired more specific allegations, and were fairly entitled to them, he should have moved to make the answer more specific and definite. The answer gave him every information to which she was entitled; *and she might, if she could, have shown that the surrogate had no*

*jurisdiction, and that the laws did not authorize him to grant administration of the estate of Mrs. Knittel."*

So, it would appear that the very case upon which the respondent most heavily relies holds that the jurisdiction of the court which grants the letters of administration to do so may be inquired into in an action in another state by one claiming to be the true personal representative of the decedent. We think this is a proper holding. The question of jurisdiction should always be open to inquiry. Otherwise frauds would be too easily perpetrated and states might be deprived of inheritance taxes.

The jurisdiction of the Canadian court being open to attack in this case, we are of opinion that plaintiff is entitled to recover, because the facts stipulated show a situation in which that court had no jurisdiction to grant general letters of administration. It is conceded that Urbanowicz was a resident of this state when he died and that his will was probated here in a proper manner. There was no property situated in Canada. The defendant, of course, could have protected itself by refusing payment until letters of administration were issued in this state. Having elected to take the chance in paying in the manner it did, it cannot now refuse payment to the one entitled to receive it.

Respondent relies on section 19 of the act relating to executors and administrators to support the argument that at common law full faith and credit is to be given to decrees of foreign countries, although it admits this section is not controlling in the instant situation because it applies only to executors and administrators of states, territories and the District of Columbia. However, we see nothing in this contention to change the conclusion above reached that jurisdiction may be inquired into.

The judgment appealed from is reversed.

*For affirmance*—PARKER, CASE, BODINE, WELLS, COLE, JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, LLOYD, DONGES, HEHER, PERSKIE, DEAR, WOLFSKEIL, RAFFERTY, JJ. 10.