## McALLASTER *v.* BAILEY *et al.*

*(Supreme Court, General Term, Third Department. May, 1888.)*

1. SHERIFFS AND CONSTABLES — UNLAWFUL SEIZURE — VOLUNTARY SURRENDER OF MONEY.
   Where a sheriff seeks to levy upon the money obtained from an assignee's sale, of the property of the attachment debtor, and the assignee lays the money upon his own desk, saying, "There is the money," but forbidding the sheriff to take it, there is not a voluntary delivery so as to relieve the sheriff from liability for taking it.

2. ATTACHMENT—WHAT SUBJECT TO—PROCEEDS OF SALE BY DEBTOR'S ASSIGNEE.
   Money obtained from a sale by an assignee of the property of the debtor is not subject to attachment by one of the creditors.

Appeal from circuit court, St. Lawrence county.

Judgment was entered, upon the verdict of a jury directed by the court, in favor of plaintiff, Joseph E. McAllaster, against Luman Bailey and Lorenzo Smith. Defendants appeal.

Argued before LEARNED, P. J., and INGALLS and LANDON, JJ.

*V. P. Abbott* and *M. B. Johnson*, for appellants. *E. H. Neary*, for respondent.

LANDON. J.  The sheriff, the defendant Bailey, had an attachment against the property of Stimson & Rutherford, issued upon the ground that they had assigned and disposed of their property to defraud their creditors.  They had made a general assignment for the benefit of their creditors to the plaintiff.  The plaintiff, as assignee, sold the assigned property, and realized from it $7,194.64.  The sheriff thereafter, and on the 18th of October, 1886, attempted to levy upon this money by virtue of the attachment.  He served a copy of the attachment upon the plaintiff, and a notice in writing, stating, among other things, "that I hereby attach all the moneys and other proceeds which have come to your hands by reason of the sale" of the assigned property, and requiring the plaintiff to furnish him with a certificate of the amount.  The plaintiff, within a few days, furnished the sheriff with a certificate "that, at the time of the attachment by you of all the moneys and other proceeds which have come to my hands, * * * as stated in the notice of such attachment, I had no moneys or property belonging to the defendants in my possession or under my control, and have none since that time.  And I further state that the amount of money so levied upon by you is $7,197.64. and the same is to my credit in the Bank of Gouverneur; that a bank-book was given to me, which you attached; that I object to your attaching the same, and demand an immediate surrender to me of said money and bank-book, on the ground that I am the owner of the same, and said money came into my hands for property sold by me as assignee of Stimson & Rutherford, and belonged to me as such assignee."  On November 1, 1886, the deputy-sheriff, the defendant Smith, with whom the sheriff had left the further charge of the attachment, asked the plaintiff what he was going to do about the money.  The plaintiff thereupon went to the bank, and obtained the money, and returned to the store, where the deputy-sheriff was, laid the money upon the desk, and said, "There is the money, $7,197.64;" and forbade him to take it.  The deputy-sheriff did take it under the attachment.  Thereupon this action was brought.

It is conceded by the respective counsel that the sheriff could not, by virtue of the attachment, levy upon the money which the plaintiff realized from the sale of the assigned property of the attachment debtors.  *Lawrence* v. *Bank,* 35 N. Y. 320; *Thurber* v. *Blanck,* 50 N. Y. 80; *Castle* v. *Lewis,* 78 N. Y. 134, 136.  The sheriff seized, under the attachment, money of which the attachment debtors never had the legal title, and of which the plaintiff had the sole legal title.  Unless, therefore, the plaintiff voluntarily turned over the money to the officer, there is no defense to this action.  There was no levy made until the deputy-sheriff took the money into his custody.  *Anthony* v. *Wood,* 96 N. Y. 180.  The plaintiff did not deliver the money to the deputy-sheriff.  Cases of payment of money under protest do not apply.  There the person paying delivers the money to the person demanding payment.  Here the money was exposed to the officer, and he was forbidden to take it.  If he took it, he violated the plaintiff's possession and his direction.  The money was seized by the officer, not paid to him by the plaintiff.  There was no dispute about the facts, and the court properly directed a verdict.  The judgment should be affirmed, with costs.