Joseph E. McAllaster, Respondent, *v.* Luman Bailey et al.,
Appellants.

Money in the hands of an assignee for the benefit of creditors, the avails
of the property assigned, is not subject to levy under an attachment
issued in an action against the assignor, and a sheriff making such a levy
is liable for conversion.

Plaintiff, as assignee for the benefit of creditors, sold and converted the
assigned property into money, which he deposited in a bank in his own
name. The defendant B., as sheriff, undertook to levy upon such
money, under an attachment in an action against the assignors. Defend-
ant S., an under-sheriff, at the direction of the sheriff, called upon plain-
tiff and demanded a surrender of the money under the attachment.
Plaintiff thereupon drew the money from the bank, placed it upon a
table and told S. that was the money, but he forbade his taking it ; S.
took it. In an action for conversion thereof, defendants claimed that
the transaction was in effect a voluntary payment, and consequently the
money could not be recovered back. *Held*, untenable.

(Argued June 24, 1891; decided October 6, 1891.)

Appeal from judgment of the General Term of the Supreme
Court in the third judicial department entered upon an order
made February 7, 1888, which affirmed a judgment in favor
of plaintiff, entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*V. P. Abbott* for appellants. The case was tried in the
court below upon the theory that the money in the plaintiff's
hands, and being the proceeds of the sale of the Stinson &
Rutherford stock, could not be attached, and that no lien was
created by the service of the warrant of attachment. (*Law-
rence* v. *Bank of the Republic*, 35 N. Y. 320 ; *Thurber* v.
*Blanck*, 50 id. 80 ; *Castle* v. *Lewis*, 78 id. 131 ; Code Civ.
Pro. § 651 ; *Mowatt* v. *Wright*, 1 Wend, 356, 363, 364 ;
*Sprague* v. *Birdsall*, 2 Cord. 419 ; *Windbeil* v. *Carroll*, 16 Hun,
101 ; *N. Y. & H. R. R. Co.* v. *Marsh*, 12 N. Y. 308, 311 ;
*Roy* v. *Baucus*, 43 Barb. 311.) The action of the plaintiff in
producing the proceeds of the sale for the sheriff's action is of

the nature of a voluntary payment, and hence this action would not lie to recover it. (*Quincy* v. *White*, 3 N. Y. 370; *Peyser* v. *Mayor*, 70 N. Y. 497; *Wright* v. *Cabot*, 89 N. Y. 571.) The verbal protest accompanying the delivery did not preserve the right to claim trespass or conversion. (*Fleetwood* v. *N. Y. City*, 2 Sand. 475, 480, 481; *Forrest* v. *Mayor*, 13 Abb. Pr. 350–353; *Flower* v. *Lance*, 59 N. Y. 603, 610.) It was error for the court to deny the request of the defendants to go to the jury, and they were at least entitled to the verdict of the jury as to the effect of the words and deeds of the plaintiff. (*Wait* v. *A. Ins. Co.*, 13 Hun, 371; *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Koehler* v. *Adler*, 78 id. 289.)

*E. H. Neary* for respondent. Plaintiff's possession of the money was enough to sustain the action as against these defendants. (*Wheeler* v. *Lawson*, 103 N. Y. 40; *Stowell* v. *Otis*, 71 id. 36; *Hendricks* v. *Decker*, 35 Barb. 298.) The plaintiff as owner of the money in question, which he obtained on a sale of the property assigned to him by Stinson & Rutherford, was entitled to recover against defendants on their levying on and taking the same from his possession. (*Hoagland* v. *Trask*, 48 N. Y. 686.) The act of the sheriff in levying on the money in question and of his under-sheriff in taking it away was a conversion of the same. (*Waterbury* v. *Westervelt*, 9 N. Y. 598; *Reynolds* v. *Shuler*, 5 Cow. 323; *Hassfeldt* v. *Dill*, 26 Alb. L. J. 315; *Waid* v. *Gaylord*, 1 Hun, 607; *Knapp* v. *Smith*, 27 N. Y. 277; *Connah* v. *Hale*, 23 Wend. 462; *Phillips* v. *Hall*, 8 id. 610.) The sheriff had no right to levy on or take the money in question, it being money which plaintiff obtained on a sale by him of the property assigned to him by Stinson & Rutherford. (*Lawrence* v. *Bank of the Republic*, 35 N. Y. 320; *Lanning* v. *Streeter*, 57 Barb. 33; *In re True*, 4 Abb. [N. C.] 90.) A clear case of conversion was established against both defendants. (*Thurber* v. *Black*, 50 N. Y. 80; *Anthony* v. *Woods*, 96 id. 180.) The defendants were not entitled to have the case submitted to the jury, as there was no disputed question of fact.

(*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341; *Mack* v. *R. G. Ins. Co.*, 106 id. 560; *Campbell* v. *Burch*, 60 id. 214; *Grady* v. *Cook*, 2 Abb. [N. C.] 53; 72 N. Y. 612; *People* v. *Cook*, 8 id. 67; *Appleby* v. *H. F. Ins. Co.*, 54 id. 253; *Nouendorf* v. *W. M. L. Ins. Co.*, 69 id. 389; *Day* v. *Town of New Lots*, 107 id. 148; *Wright* v. *Delafield*, 25 id. 266; *Sanborn* v. *Lefferts*, 58 id. 179; *Crawford* v. *Wilson*, 4 Barb. 504.) The judgment should be affirmed and ten per cent upon the judgment should be allowed to plaintiff. (Code Civ. Pro. § 3251; *Jackson* v. *City of Rochester*, 26 N. E. Rep. 326.)

HAIGHT, J. This action was brought for the wrongful taking and conversion of $7,197.64.

The defense was that the defendants, as sheriff and under-sheriff, levied on the same under an attachment issued in an action in which the White Sewing Machine Company was plaintiff, and Sylvanus B. Stinson and James J. Rutherford were defendants.

It appears that Stinson and Rutherford had made an assignment for the benefit of creditors to the plaintiff; that the plaintiff, as such assignee, had sold and converted the property into money which he had deposited in his own name in the Bank of Gouverneur. Thereupon the defendant Bailey undertook to levy upon such money, and for that purpose served upon the plaintiff a copy of the attachment, and at the same time delivered to him a written notice annexed to the effect that he attached all the money and other proceeds which had come to the hands of the plaintiff by reason of the sale of the stock of goods formerly in the possession of Stinson and Rutherford, and required him to deliver over such money, certificates of deposit and bank-books, etc. The plaintiff then caused to be served upon defendants a certificate as to the amount of money that had come to his hands from the sale of the goods before mentioned; that the same was on deposit in the Bank of Gouverneur, and that he objected to the defendants attaching the same, and demanded the immediate surrender of the money and bank-books so attached. Thereupon

the defendant Smith, at the instance of the defendant Bailey, called upon the plaintiff and again demanded the surrender of the money under the attachment. After which the plaintiff drew the money from the bank, placed it upon a table, and then told the defendant that that was the money, but that he forbade his taking it. The money was thereupon taken by the defendants, and this action was brought.

Upon the argument of this appeal the counsel for the respective parties conceded that the sheriff could not properly levy his attachment upon the money which the plaintiff had realized from a sale of the assigned property. (*Thurber* v. *Blanck*, 50 N. Y. 80; *Castle* v. *Lewis*, 78 id. 131–136; *Anthony* v. *Wood*, 96 id. 180.)

It was claimed, however, that the transaction was in effect .a voluntary payment of the money to the defendants, and that, .consequently, it could not be recovered back by the plaintiff. Numerous authorities are cited in support of this contention. They are to the effect that moneys paid under a mistake of the law, but with a full knowledge of the facts, cannot be recovered back. We cannot see that the principle established in those cases has any application or bearing upon that under .consideration. The defendants, as sheriffs, had an attachment which they pretended to levy upon the money in question. The plaintiff claimed the right to hold the same as assignee for the benefit of creditors, and objected to their levying upon the same. The defendants still asserted their right to the pos-.session of the fund, and demanded its surrender. It was under these circumstances that the plaintiff went to the bank, .drew the money and laid it upon the table. He did not hand it over or pay it to the sheriff; on the contrary he forbade him to take it.

It seems to us clear that the taking by the defendants under these circumstances constituted a conversion, and that it was in no sense a voluntary payment on the part of the plaintiff.

The judgment should, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.