CAPITAL CITY BANK, Appellant, *v.* ADOLPHUS PARENT, Impleaded, etc., Respondent.

Where an action in the nature of a creditor's bill is based upon a money judgment against a nonresident, the summons wherein was not personally served and the defendant did not appear, but an attachment was issued, although upon application for the judgment, proof by affidavit that the attachment was levied upon property of the defendant was produced and filed, this is not conclusive, and where it appears that no property was in fact levied upon the creditor's suit is not maintainable.

So, also, where a valid levy was made, if it appears that the levy was abandoned by the creditor, the action is not sustainable as plaintiff's remedy is limited to property levied upon.

*It seems* that if anything was levied upon whatever action in aid of the attachment is proper should be brought by the sheriff. (Code Civ. Pro. § 655.)

N., with moneys fraudulently obtained from plaintiff, purchased of defendant, the First National Bank, a draft upon a New York bank. N. then fled to Canada, taking the draft with him, which he transferred for value to the defendant P. In an action commenced against N. the

summons was served by publication against him as a nonresident. An attachment was issued, by virtue of which the sheriff assumed to levy upon the sum paid by N. to the defendant bank for the draft, by serving notice that he levied on moneys in its hands belonging to N., and all deposits made by him or debts owing by the bank to him. A judgment was entered in such action, proof by affidavit having been produced that property of the defendant had been levied on by virtue of the attachment. In an action in the nature of a creditor's suit, *held*, that the draft being outstanding and no default having been made upon it, the bank was not indebted to N. or the holder of the draft, nor was it the depository or bailee of the money paid; that nothing was levied upon therefore, and no jurisdiction existed to enter the judgment against N., and so, the creditor's suit was not maintainable.

Plaintiff procured the arrest of N. in Canada, and before the commencement of the action in which the attachment was issued made a settlement with him, acknowledging full satisfaction. Defendant P. was present at the settlement, and at plaintiff's procurement and solicitation, and upon its representation that it would be proper and safe so to do, purchased the draft from N., thus furnishing him with money with which to effect the settlement. *Held*, that plaintiff was bound by its representations, and so, was estopped from disputing P.'s title to the draft.

(Argued June 14, 1892; decided October 1, 1892.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made November 25, 1890, which affirmed a judgment of the Special Term dismissing plaintiff's complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. Nottingham* for appellant.

*Frank H. Hiscock* for respondent.

Landon, J. This is an action in the nature of a creditor's bill. It is based upon an execution returned unsatisfied upon a judgment for money only, entered in an action in the Supreme Court in favor of this plaintiff against Charles C. Nelson, who was a nonresident, was served by publication, did not appear, but in which a warrant of attachment was issued, and proof by affidavit produced and filed upon the

motion for judgment that the attachment had been levied upon property of the defendant, which levy it was shown upon this trial was never made.

We think the complaint was properly dismissed.

The only attempt to levy under the attachment was as follows: Nelson, who had been a resident of Atlanta in the state of Georgia, on June 30, 1888, by fraudulent practices, which under our laws would amount to larceny, obtained $6,500 of the plaintiff, a banking corporation in Atlanta, and also $4,600 of two other banks of the same place, and then absconded. July 6, 1888, he bought of the defendant, the First National Bank of Syracuse, its draft for $5,000, upon another defendant, The First National Bank of New York, and paid $5,000 in cash for the draft. The draft was payable to the order of W. G. Lee, a fictitious name which Nelson assumed. Nelson then fled to Canada, taking the draft with him, and there July 2, 1888, transferred it for value to the appellant, who then became the owner of it in good faith and still is its owner and holder.

July 26, 1888, the sheriff of Onondaga county, holding the warrant of attachment, assumed to levy upon the $5,000 paid by Nelson to the First National Bank of Syracuse, by serving a notice upon the bank that he thereby levied the warrant of attachment upon the moneys in its hands belonging to the defendant, and all deposits and moneys deposited by him with the bank and debts owing by the bank to him. The bank thereupon gave the sheriff a certificate stating the facts respecting the purchase of the draft. The draft being outstanding and no default having been made upon it, the Syracuse bank was not indebted to Nelson or to the holder of the draft. It was not the depositary or bailee of the money paid for the draft. It sold the draft for cash in the usual course of business, and that ended the transaction, unless the draft should be dishonored upon presentation, or unless plaintiff's money could be identified, payment of the draft stopped, and the moneys reclaimed before the rights of third parties intervened, which would be a very different proceeding from

a judgment for money only as upon contract, and an action in the nature of creditor's bill to secure its payment. The draft itself was not attached. Thus the attachment was not levied, and hence no jurisdiction to enter a judgment against Nelson existed.

The Code (§§ 1216, 1217) requires that in case where the defendant is a nonresident and the summons has not been personally served upon him within the state, and he has not appeared, and a warrant of attachment has been issued, proof by affidavit that the warrant of attachment has been levied upon property of the defendant must be produced and filed upon the application for judgment. Like the proof of the personal service of a summons in other cases this is jurisdictional. True, the proof by affidavit was produced and filed, but this is not conclusive, and is overcome, where as in this case proof of the actual facts shows the contrary. (*Ferguson* v. *Crawford*, 70 N. Y. 253.)

Besides a judgment for money only, rendered against a nonresident who has not appeared, and upon whom service of the summons is made by publication, and an attachment issued and levied " can only be enforced against the property which has been levied upon by virtue of the warrant of attachment at the time when judgment is entered." (Code, § 707.)

The execution is limited to the property attached. (§ 1370.) Jurisdiction of the person is not obtained but of the property attached. (*McKinney* v. *Collins*, 88 N. Y. 216; *Schwinger* v. *Hickok*, 53 id. 280; *Bartlett* v. *McNeil*, 60 id. 53; *Bartlett* v. *Spicer*, 75 id. 528; *Cromwell* v. *Gallup*, 17 Hun, 49.)

If, therefore, anything was levied upon under the attachment, the plaintiff's remedy was limited to it, and whatever action in aid of the attachment was proper should have been brought by the sheriff under section 655 of the Code. (See *Backus* v. *Kimball*, 62 Hun, 122.)

As the judgment against Nelson would affect only the attached property, it follows that the plaintiff was in no position to bring the present action. Plaintiff could in the first

action only exhaust its legal remedies against the property attached, and not its legal remedies generally.    It could issue no execution against Nelson's other property.    ,

If, indeed, a valid levy was made under the attachment, it seems to have been abandoned; if it was not made, the plaintiff's case rests upon its failure to take any legal remedy.

The findings of the trial court which have been approved by the General Term show that with respect to this appellant the case was properly disposed of upon the merits.    The plaintiff procured the arrest of Nelson in Canada, and then before the action in which the attachment was issued was commenced, upon being advised that he was not extraditable, made a settlement with him and acknowledged full satisfaction of all demands in consideration of $6,000, which Nelson then paid, less $320 to be paid afterward by the appellant; this was by him tendered when due, but its acceptance was refused.    The appellant was present at such settlement, and for the purpose of furnishing Nelson part of the money with which to effect the same, and at the procurement and solicitation of the plaintiff, and upon its representation that it was perfectly proper and safe for him to do so, purchased the draft of Nelson for its face value less fifty dollars and paid $3,825.85 upon the purchase price, besides the $320 tendered to and refused by the plaintiff.

The evidence amply sustains the findings of the trial judge. If we assume that the plaintiff settled with a thief, and was not bound by its acquittance of its whole demand made upon only part payment of it, yet it was bound by its representations to the appellant upon the faith of which he parted with his money, and it cannot dispute the title which it induced him for its benefit to accept.

There may be a small surplus in the appellant's hands as between him and Nelson, but if so, it cannot be reached in this action.    ·

The judgment should be affirmed with costs.

All concur, except VANN, J., not sitting.

Judgment affirmed.