JAMES A. MERRITT, Plaintiff, *v.* JOHN A. FOWLER, Impleaded with EBEN HAVILAND, Defendants.

*Judgment — action maintainable thereon — when leave to sue unnecessary.*

Prior to the inhibition of the statute requiring leave to sue upon a judgment in New York State, immediately upon the recovery of a judgment an action might be maintained thereon and another judgment recovered, and so on *ad infinitum.*

The recovery of a judgment is a new contract between the parties, and an action may be maintained thereon as upon a contract.

Upon the trial of an action brought upon a judgment recovered in the Supreme Court of the State of New Jersey, it was shown that the New Jersey judgment was recovered upon a judgment rendered in the Supreme Court of the State of New York between the same parties, which was the original cause of action. No leave was granted to the plaintiff to sue upon the recovery of the first New York judgment, and more than twenty years had elapsed since the recovery thereof.

*Held,* that, there being no inhibition against suing upon a New Jersey judgment, and no requirement that the leave of the court should be obtained in such a case, the action was maintainable.

MOTION by the defendant, John A. Fowler, for a new trial on a case containing exceptions ordered to be heard at the General Term in the first instance, after a verdict for $905.74 in favor of the plaintiff, rendered by direction of the court after a trial at the New York Circuit before the court and a jury.

*I. N. Miller*, for the motion.

*W. H. Beam*, opposed.

VAN BRUNT, P. J. :

This action was brought upon a judgment recovered in the Supreme Court of the State of New Jersey in February, 1887. The defendants set up as an answer that the plaintiff recovered a judgment against the defendants in this action in March, 1871, in the Supreme Court of this State in Putnam county, which was the original cause of action upon which, in March, 1887, the plaintiff recovered the judgment in New Jersey referred to in the complaint. The answer further alleged that on the 17th of May, 1887, one Martin was appointed receiver in proceedings supplementary to execution under said judgment recovered in this State, and that said receiver sold at public auction all the right, title and interest of the defendant Fowler in and to certain real estate, and delivered a conveyance thereof to the purchaser, the defendant being ignorant of the amount realized upon said sale. The answer further alleges that the said receiver claims that there is vested in him as such receiver all the right, title and interest of said defendant Fowler in and to the said premises, and that said right, title and interest is of a value far in excess of the amount of said judgment, and more than sufficient to satisfy the same. The answer further alleges that no leave was granted to the plaintiff to sue upon the recovery in, Putnam county, and that more than twenty years have elapsed since the recovery of said judgment, this action having been commenced in June, 1893.

Upon the trial the plaintiff introduced an exemplified copy of the judgment roll in the action in New Jersey, wherein the plaintiff herein was plaintiff, and the defendant John A. Fowler was defendant; and it appeared that said action was based upon said judgment recovered in Putnam county.

The defendant offered in evidence an order of the Supreme Court, filed in the office of the clerk of Putnam county, appointing a receiver of all the real estate, debts, property, equitable interest and things in action of the defendant in an action in which the present plaintiff was plaintiff, and the present defendants were defendants;

but what was the foundation of that order does not appear. The defendant also offered in evidence an order directing said receiver to sell all the right, title and interest of the defendant Fowler in certain real estate. The parties having rested the court directed a verdict in favor of the plaintiff, to which the defendant duly excepted, and the court ordered the exceptions to be heard in the first instance at the General Term.

The claim made upon the part of the defendant upon this motion is that the judgment between the same parties for the same original cause of action in the Supreme Court in Putnam county was a bar to this action. And various authorities are cited to the effect that an action between the same parties for the same cause is a bar to a new action, in respect to which there is no dispute. The difficulty with the defendants' contention, however, is that this action is not for the same cause of action for which the action in Putnam county was brought, this action being upon a New Jersey judgment which is a contract in itself, and to recover upon the implied promise arising from the recovery of such judgment.

It is matter of history that prior to the inhibition of the statute requiring leave to sue upon a judgment in this State, immediately upon the recovery of a judgment an action might be maintained thereon and another judgment recovered, and so on *ad infinitum,* and thus costs be heaped up to an extortionate extent. And to prevent this abuse legislation was had by which in respect to a domestic judgment a suit could not be brought thereon except by leave of the court. The language of the Code is explicit in limiting this requirement to cases of judgments recovered in a court of equity of this State.

If there was any doubt in regard to this proposition it seems to be set at rest by the case of the *Gutta Percha & Rubber Mfg. Co.* v. *Mayor* (108 N. Y. 276) where it is held that a judgment even of a foreign state obtained for a cause of action *ex delictu* becomes a debt, and the plaintiff is entitled to the same remedies as in an action upon contract, and it was decided that the plaintiff was entitled to maintain an attachment. So in the case of *Taylor* v. *Root* (4 Keyes, 335), in which it was held that in an action upon contract, a judgment obtained by the defendant against the plaintiff in an action of slander, might be set up as a counterclaim, these cases holding that

the recovery of a judgment is a new contract between the parties, and an action may be maintained thereon as upon a contract. There being, therefore, no inhibition against suing upon this New Jersey judgment — this New Jersey contract — and no requirement for obtaining leave of the court in such a case, there does not seem to be any reason why the plaintiff cannot maintain this action.

It is suggested that if this action is maintained the plaintiff may immediately, upon recovering, sue thereon in New Jersey a second time, return here and sue a third time, and so on indefinitely, augmenting the costs and evading our statutes against suing without leave. If our Legislature has not provided against such a hardship, if any such exists, it is not for the court to supply the deficiency. They have legislated to prevent such abuses in respect to domestic judgments, and they are not to be feared in respect to those obtained in a foreign jurisdiction.

The exceptions should be overruled and judgment upon the verdict ordered for the plaintiff, with costs.

FOLLETT and PARKER, JJ., concurred.

Exceptions overruled and judgment ordered on verdict for plaintiff, with costs.