FREDERICK M. PATCHEN, Appellant, *v.* GEORGE B. ROFKAR, as Assignee for the Benefit of Creditors of LOUIS WAEFELAER, Respondent, Impleaded with LOUIS WAEFELAER.

*Fraudulent conveyance — suit by a general creditor to set aside an assignment for creditors — when maintainable.*

Where a debtor who has made a general assignment for the benefit of his creditors thereafter removes from the State of New York, and no longer has property within it, or elsewhere, a general creditor who has been unable to recover a judgment for his debt in the State of New York, and, under the circumstances, has no remedy at law, may maintain an action in equity to recover a judgment for his claim against the assignee, to set aside the general assignment as fraudulent, and to have it adjudged that he has a lien upon the assigned property to secure the payment of his claim.

APPEAL by the plaintiff, Frederick M. Patchen, from a judgment of the Supreme Court in favor of the defendant, George B. Rofkar, as assignee for the benefit of creditors of Louis Waefelaer, entered in the office of the clerk of the county of New York on the 8th day of June, 1896, upon the decision of the court rendered after a trial at the New York Special Term dismissing the complaint as to said defendant on the ground that it did not state facts sufficient to constitute a cause of action.

*Howard R. Bayne,* for the appellant.

*P. Q. Eckerson,* for the respondents.

WILLIAMS, J.:

This appeal involves a determination of the question as to the right of the plaintiff to maintain the action, as one in equity, to set aside a general assignment for the benefit of creditors for fraud, and to reach the assigned property for the payment of the indebtedness of the assignor, the plaintiff being a general creditor merely, and having recovered no judgment for the indebtedness upon which to base the action. The plaintiff is, and for a long time has been, a resident of this State, and is a creditor of the defendant Waefelaer to the amount of $3,671.74, upon notes given by such debtor, and upon an account for goods sold and delivered. The notes were given by the debtor, and the goods were sold and delivered to him in the State of New York, while he was a resident of, and was doing business in that State, and all the indebtedness accrued before the assignment was made, March 19, 1894. The assignment was filed and recorded in the city of New York, where the property was then and still is located. The debtor has not been a resident or inhabitant of this State since some time before the commencement of this action, and he has had no property in the State or elsewhere since making the assignment, except the property so assigned. The complaint alleged these facts, and, as a conclusion, alleged that the plaintiff had no remedy in law to secure the payment of his indebtedness, and that, unless the court should afford the relief demanded in this action, he would be without any remedy whatever, and would lose the amount of such indebtedness. The relief demanded was, that the plaintiff recover judgment against Waefelaer for the amount of his indebted-

ness; that the assignment be set aside as fraudulent; that the plaintiff be adjudged to have a lien upon the assigned property for the amount of his indebtedness; that the defendants be enjoined from disposing of the property pending the action; that a receiver of the property be appointed, and for other equitable relief.

It is apparent that the plaintiff could in no way secure a judgment in this State against the assignor for the amount of his indebtedness before commencing this action. The assignor was not within the jurisdiction of the courts in this State, and no personal service of summons could be made upon him. No service could be made by publication of the summons so as to procure a personal judgment against him, inasmuch as no attachment could be levied upon any property of his in this State after the making of the assignment. (Code Civ. Proc. § 1217; *Capital City Bank* v. *Parent*, 134 N. Y. 527–530.) The money in the hands of the assignee could not be attached. (*McAllaster* v. *Bailey*, 127 N. Y. 583.) Nor did he have any property out of the State, so as to enable the plaintiff to recover a judgment in the jurisdiction where he could be served with process, and to collect the indebtedness there. Moreover, a judgment recovered against the assignor in another State, where jurisdiction could be obtained of his person, would have no other validity in this State than a simple contract claim, and would no more constitute a basis for the ordinary creditors' action here than the general indebtedness itself. (*Tarbell* v. *Griggs*, 3 Paige, 207; *Davis* v. *Bruns*, 23 Hun, 648; *Merritt* v. *Fowler*, 76 id. 424; *Wright* v. *Chapin*, 74 id. 521; *Rocky Mountain National Bank* v. *Bliss*, 89 N. Y. 338–342.)

It thus appears conclusively that it is true, as alleged in the complaint, that the plaintiff has no remedy at law which he can pursue or exhaust, and that, unless he can maintain this action in equity, he must lose his total indebtedness; that he has no opportunity to reach the property of the debtor in the hands of his assignee, to apply to the payment of his indebtedness, no matter how fraudulent the assignment may have been, or how little right the assignee may have to the property.

The general rule is well settled that, under the Code of Civil Procedure, before the creditor can ask the intervention of a court of equity to set aside a fraudulent conveyance, he must reduce his claims to judgment against his debtor, and procure an execution

thereon to be issued and returned unsatisfied. In this way he must exhaust his remedy at law. But this rule is not so unrelenting as to deny to a party the interposition of the equity powers of the court, when the situation is such as to render impossible the aid of a court of law, to there take the preliminary steps and produce what ordinarily may be treated as a condition precedent to the application for equitable relief.

This case is one in which the plaintiff could recover upon his claim no judgment entitling him to have an execution issued and returned. It is not, therefore, a case within the contemplation of the statute relating to creditors' actions, and the support of the action is dependent upon the inherent powers of the court of equity. They not being taken away by the statute, no reason appears why they are not available to give a party, situated as the plaintiff is, a standing in court. When a party has done all that is possible for him to do to prepare the way for his case to equitable cognizance, he is not to be denied access to the only tribunal capable of granting relief merely because he had proceeded no farther than he was, without any fault or *laches* on his part, permitted to go. That would be repugnant to the maxim that "there is no wrong without a remedy."

The foregoing principles were laid down by the court in *N. T. Bank* v. *Wetmore* (124 N. Y. 241) in substantially the language here used, and were abundantly supported by the authorities there cited. They are entirely applicable to the facts of this case, as conceded by the demurrer and motion to dismiss, upon which the decision was made here under review. They effectually dispose of the case, and require a reversal of the judgment appealed from, and no further discussion raised by this appeal need be had.

The judgment should be reversed and new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., RUMSEY, PATTERSON and INGRAHAM, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.