### PATCHEN v. ROFKAR et al.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

FRAUDULENT CONVEYANCES—ABSENT DEBTOR—ACTION—JUDGMENT—REMEDY AT LAW.

Code Civ. Proc. § 655, subd. 2, provides that where summons has been served without the state or by publication in attachment actions, and where defendant has not appeared, the sheriff may maintain any action against the attachment debtor and any other persons as might be maintained by a judgment creditor in a court of equity either in aid of an execution or after one returned unsatisfied. *Held* that, where a creditor could not obtain a judgment against the debtor on personal service of summons, he was entitled to bring an action to set aside a fraudulent conveyance made by the debtor, without first resorting to the remedy set forth in the statute.

Appeal from special term, New York county.

Action by Frederick M. Patchen against George B. Rofkar, as-, signee of Louis Waefelaer, impleaded with Louis Waefelaer, to set aside the assignment as fraudulent. From a judgment in favor of plaintiff (61 N. Y. Supp. 949), defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

P. Q. Eckerson, for appellant.
Howard R. Bayne, for respondent.

PATTERSON, P. J. By the judgment from which this appeal is taken, it was determined that the general assignment of Louis Waefelaer to the defendant Rofkar was made with intent to hinder, delay, and defraud creditors, and particularly the plaintiff's assignor, the Trenton Potteries Company, and it was adjudged that the assignment be set aside, that the plaintiff have a lien upon the property assigned and its proceeds in the hands of the assignee, and that such property having been converted by the assignee into money, and there being more than sufficient to pay the amount of the indebtedness of the assignor to the plaintiff, the assignee pay to the plaintiff the amount of such indebtedness, with the costs and disbursements of the action. The plaintiff was not a judgment creditor, and it is

claimed that as a consequence he had no standing to maintain this action. The same point was raised on a prior appeal in this action, and it was held by this court that, under the circumstances disclosed in the record on that appeal, the action could be maintained by the plaintiff as a simple creditor. Patchen v. Rofkar, 12 App. Div. 476, 42 N. Y. Supp. 35. Those circumstances are unchanged in the record now before us.

We are now asked, however, to reconsider the subject; it being urged by the appellant that there was a failure of both counsel and the court to consider certain provisions of the Code of Civil Procedure which it is claimed apply to and directly affect the question of the plaintiff's right to sue as a general creditor. It is contended by the appellant that the rule that the remedy at law must be exhausted by the recovery of a judgment and the return of an execution unsatisfied before a suit in equity can be maintained to set aside such an instrument as that attacked here applies, because the plaintiff might have begun an action on his claim, procured an attachment against the debtor as a nonresident, served him by publication, and, in case of default and before entering final judgment, the sheriff might, in aid of an attachment, maintain an action against the judgment debtor, or any person or persons, to compel a discovery of property to be subjected to the attachment, or to maintain any other action against the attachment debtor, and any other person or persons, which may be maintained by a judgment creditor in a court of equity, either before the return of an execution in aid thereof, or after a return of an execution unsatisfied, as provided by subdivision 2, § 655, Code Civ. Proc. Referring to that subdivision of the section of the Code cited, it is said, in substance, in Harding v. Elliott, 91 Hun, 507, 36 N. Y. Supp. 648, that the provision was added to the Code to enable creditors to collect debts out of property of nonresident debtors which should be conveyed for the purpose of defrauding creditors, and that, under the Code as amended by that subdivision and subdivision 4 of section 649, property held by fraudulent transferees may be attached by the creditors of a fraudulent transferror, and the conveyance set aside by the sheriff in aid of the attachment. The ground upon which the decision upon this branch of the case on the former appeal proceeds is that the plaintiff could not secure a judgment in this state against Waefelaer for the amount of his indebtedness before commencing this action; that he was not within the jurisdiction of this state, and no personal service of the summons could be made upon him; and that no service could be made by publication of the summons so as to procure a personal judgment against him, inasmuch as no attachment could be levied upon any property of his in this state after the making of the assignment. The effect of this decision was that the plaintiff could maintain this action because there was no remedy at law open to him, and therefore the case was one in which he was entitled to relief, it not being within the contemplation of the statute relating to creditors' actions; the action finding support in the inherent powers of a court of equity.

The provisions of the Code now relied upon by the appellant have not given to a creditor, situated as this plaintiff, any additional right

to sue at law to recover directly and by the ordinary process of law against a debtor. All that is given is a right under certain circumstances to institute a suit in equity to reach and apply assets that have been fraudulently disposed of by the debtor. It enables a suit in equity to be maintained to accomplish the same result that is to be attained through the institution of such an action as this. It cannot be said, in any just sense, that a creditor, situated as this plaintiff is, must pursue the course indicated in subdivision 2 of section 655 of the Code before he can maintain a suit like that at bar, or that that section furnishes him with an adequate remedy at law simply because it gives to the sheriff a right to sue in equity in aid of an attachment. No direct personal remedy by the ordinary and due process of law is given the creditor. Resort to equity must be had. We do not think that, upon principle or authority, it can be said that the plaintiff has a remedy at law if he is limited exclusively to proceeding against a nonresident debtor by publication and the procurement of an attachment, and then is compelled to have the sheriff, either separately or in conjunction with himself, invoke jurisdiction in equity in aid of an attachment, and thus endeavor to collect a debt by this circuitous procedure of a bill in equity in aid of process issued at law. It might have been taken, but it is not imperative that it should be taken. The right to maintain the creditors' bill depends upon the absence of an adequate and effectual remedy at law. That provided by section 655 of the Code is a suit in equity in aid of legal process, and that is all it is. We see no reason for changing the views expressed on the former appeal concerning the plaintiff's right to maintain the action.

Upon the merits of the case, the fraudulent intent imputed to Waefelaer was fully sustained by the evidence. Two very large debts are claimed to have been fictitious,—one of $15,500 to his wife, and the other of $13,750 to his brother, both for alleged loans of money. A payment of the sum of $1,200 in addition was made to his wife a few days before the assignment was executed, and it is claimed to have been for interest upon the indebtedness to the wife. In the opinion delivered in the court below the evidence relating to these alleged fictitious debts is minutely examined. The trial judge did not consider the proof sufficient to sustain the charge of fraud in the indebtedness to the brother, but was convinced that the alleged debt to the wife was a pure fabrication. The facts appearing in the proofs concerning this alleged indebtedness are so fully discussed in the opinion of the justice at special term that they need not be again stated in detail. The evidence fully authorized the conclusion at which the trial judge arrived.

The judgment should be affirmed, with costs. All concur.