(46 Misc. Rep. 346.)

### BATEMAN et al. v. HUNT et al.

(Supreme Court, Special Term, New York County. February, 1905.)

1. CREDITORS' BILL—JUDGMENT—EXECUTION.

The rule that the recovery of a judgment and the return of an execution unsatisfied are essential to a creditors' bill does not deny a creditor the aid of equity, where it is impossible for him to take such preliminary steps.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Creditors' Suit, §§ 46–50, 73–81.]

2. SAME.

Foreign executors sued to set aside a deed of all of the grantor's property as without consideration and in trust for her own benefit, and to enforce their rights under a mortgage assigned to their testator of the interest reserved by the beneficiary in the trust deed. A judgment had been recovered in an English court on the mortgage. The defendant and her two children, who had joined in the mortgage, were, when the action was brought, residents of France, and without means to satisfy plaintiffs' claim, and they had no way of realizing on the same except by bill in equity. *Held*, that they were entitled to bring said suit without having first obtained a judgment at law and the return of the execution unsatisfied.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Creditors' Suit, §§ 46–50, 73–81.]

3. TRUST—ACTION BY TRUSTEE.

Where, in a suit by a trustee, the complaint alleged that the claim in suit passed to him as part of a trust estate under the will of his testator, he had capacity to sue to recover any part of the trust property, and the fact that he also sued as executor will be disregarded.

Action by Percy E. Bateman and Frederick W. Newton, executors, against Anna B. Hunt and others, to enforce payment out of trust funds of money advanced to defendants by decedent and secured by mortgages. Demurrer to complaint. Overruled.

Flamen B. Candler, for demurrer.

S. B. Livingston, opposed.

GILDERSLEEVE, J. After a careful study of the very able and comprehensive briefs presented on this demurrer, and an examination of the numerous authorities cited on each side, I conclude to overrule the demurrer. There is undoubtedly very much force in the arguments urged in support of the demurrer by the learned counsel for the defendants, but it seems to me, after giving that liberal construction to the complaint which we must give on demurrer, and after drawing the fair and reasonable inferences that should be drawn from its allegations, that it sets forth sufficient facts to constitute a cause of action. The allegations fairly show that, owing to the nonresidence of the defendant debtors, and to their lack of property other than the trust estate, the plaintiffs are without a remedy at law, and cannot comply with the usual conditions precedent to the commencement of a suit in equity to reach equitable assets not liable to be levied upon by execution.

The rule as laid down in the concurring opinion of Presiding Justice Van Brunt in the case of Dittmar v. Gould, 60 App. Div.

94, 103, 109, 69 N. Y. Supp. 708, which is the authority particularly relied upon by defendant trustees, is that a creditor who seeks to reach equitable assets and property not liable to be levied upon by execution must first exhaust his remedy at law by obtaining a judgment against the debtor and the return of execution unsatisfied, or file his bill in aid of an outstanding execution; and it has also been held that an allegation of the insolvency of the debtor will not excuse a creditor from going through the preliminary proceedings at law. Estes v. Wilcox, 67 N. Y. 266; Adsit v. Butler, 87 N. Y. 585; National Tradesmen's Bank v. Wetmore, 124 N. Y. 248, 26 N. E. 548.

It has been held, however, that there is an exception to this rule. In the case of the National Tradesmen's Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548, the rule is thus stated, with its exceptions, viz.:

"The subjects of fraud and trusts are peculiarly matters of equity jurisdiction, which is comprehensive where other tribunals cannot afford relief, and want of it is not to be inferred from the novelty of the questions presented. While the recovery of a judgment and the return of an execution issued thereon unsatisfied are essential prerequisites to the maintenance of an action in the nature of a creditors' bill under the statute (2 Rev. St. p. 173, § 38; Code Civ. Proc. § 1871), and while, as a general thing, the same rule is applied to actions in equity having, in their purpose or the relief sought, the nature of statutory creditors' bills, it does not extend so far as to deny to a creditor the interposition of the equity powers of the court, where the situation is such as to render it impossible for him to take those preliminary steps."

Again in the case of Patchen v. Rofkar, 52 App. Div. 367, 65 N. Y. Supp. 122, it was held that a creditor who has been prevented from obtaining a personal judgment against the debtor, because the latter, after executing an assignment for the benefit of creditors of property located in the state of New York, removed to another state, may maintain an action in the state of New York to set aside the assignment upon the ground of fraud, and that such creditor is not obliged, before commencing such action, to serve the summons upon the debtor by publication, procure an attachment, and have the sheriff bring an action in aid thereof to set aside the assignment under subdivision 2 of section 655 of the Code, as section 655 does not afford the creditor an adequate remedy at law.

On a previous argument of the same case, reported in 12 App. Div. 475–477, 42 N. Y. Supp. 35, Mr. Justice Williams says:

"It is apparent that the plaintiff could in no way secure a judgment in this state against the assignor for the amount of his indebtedness before commencing this action. The assignor was not within the jurisdiction of the court in this state, and no personal service of summons could be made upon him. No service could be made by publication of the summons so as to procure a personal judgment against him, inasmuch as no attachment could be levied upon any property of his in this state after the making of the assignment. Code Civ. Proc. § 1217; Capital City Bank v. Parent, 134 N. Y. 527–530, 31 N. E. 976, 18 L. R. A. 240. The money in the hands of the assignee could not be attached. McAllaster v. Bailey, 127 N. Y. 583, 28 N. E. 591. * * * A judgment recovered against the assignor in another state, where jurisdiction could be obtained of his person, would have no other validity in this state than a simple claim, and would no more constitute a basis for the ordinary creditors' action here than the general indebtedness itself. * * *

It thus appears conclusively that * * * plaintiff has no remedy at law which he can pursue or exhaust. * * * This case is one in which plaintiff could recover upon his claim no judgment entitling him to have an execution issued and returned. It is not, therefore, a case within the contemplation of the statute relating to creditors' actions, and the support of the action is dependent upon the inherent power of the court of equity. * * * When a party has done all that is possible for him to do to prepare the way for his case to equitable cognizance, he is not to be denied access to the only tribunal capable of granting relief merely because he had proceeded no farther than he was, without any fault or laches on his part, permitted to go. That would be repugnant to the maxim 'that there is no wrong without a remedy.' "

In the case of Nat. Bank v. Paine, 13 R. I. 592, it was held by the Supreme Court of Rhode Island that when a debtor absconded, leaving no legal assets which could be attached, so that a judgment at law could not be obtained against him, his creditors could at once proceed in equity against his equitable assets to satisfy their legal claims.

In the case at bar, the complaint alleges that Mrs. Hunt and her children are residents of Paris, France, and are without means to satisfy the plaintiffs' claim; that the trust deed conveyed all the property of the said Mrs. Hunt; and that plaintiffs have no means of realizing on their claim, except by the case at bar. The demurrer concedes as true all material allegations of fact, and we are to construe with liberality the meaning and intendment of these allegations. It therefore appears that it was impossible for plaintiffs to obtain a judgment at law, with a return of execution unsatisfied, in this state, against the debtors, previous to bringing this suit in equity. Personal service of the summons cannot be made upon the debtors in this state, and no service by publication would enable plaintiffs to obtain a money judgment against them by reason of their lack of attachable property in this state. Code Civ. Proc. § 1217; Capital City Bank v. Parent, 134 N. Y. 530, 31 N. E. 976, 18 L. R. A. 240. This case, therefore, comes within the exceptions to the general rule, and plaintiffs may have recourse to the equity side of the court without having first obtained a judgment at law and return of execution unsatisfied. See cases above cited; also Getzler v. Saroni, 18 Ill. 518; McCartney v. Bostwick, 32 N. Y. 53.

The case of Dittmar v. Gould, 60 App. Div. 95, 69 N. Y. Supp. 708, can be distinguished, as in that case there was no fraudulent disposition or transfer of property, and the trust was created by a person other than the beneficiary. In the case at bar, the trust, which plaintiffs here seek to set aside, so far as their claim is concerned, was created by the beneficiary for her own exclusive benefit, and is void and constructively fraudulent as to creditors existing or subsequent. Personal Property Law, § 23, Laws 1897, p. 511, c. 417; Young v. Heermans, 66 N. Y. 374–381; Schenck v. Barnes, 156 N. Y. 316, 50 N. E. 967, 41 L. R. A. 395.

Under the circumstances disclosed, I do not think the plaintiffs are estopped from raising the claim of fraud by reason of their English mortgage on the trust estate, which they seek to have impressed upon the trust property in this state. They stand here as general creditors of the beneficiary. Their English judgment is of no avail in this state (Tarbell v. Griggs, 3 Paige, 207, 23 Am.

Dec. 790; Davis v. Burns, 23 Hun, 648; Merritt v. Fowler, 76 Hun, 424, 27 N. Y. Supp. 1047; Wright v. Chapin, 74 Hun, 521, 26 N. Y. Supp. 825; Rocky Mountain Nat. Bank v. Bliss, 89 N. Y. 338–342), and their mortgage as yet constitutes no valid lien in this state. They claim, as creditors, to be entitled to reach the property of the debtor which has been placed beyond the reach of an execution by reason of the trust deed, executed by Mrs. Hunt for her own benefit, and consequently a constructive fraud on her creditors. Schenck v. Barnes, supra; Young v. Heermans, supra.

So far as the objection is concerned that plaintiffs, as executors, cannot sue here in their representative capacity without taking out letters in this state, we find that the complaint alleges that the claim in suit passed to them as part of the trust estate transferred to them by the will of Elliott, deceased. The plaintiffs, as trustees, have capacity to sue here to recover any part of their trust property. Toronto General Trust Co. v. C., B. & Q. R. R. Co., 123 N. Y. 37, 25 N. E. 198. Their additional title of executors is not fatal to · their claim as trustees, and may be disregarded. Knox v. Metropolitan El. R. Co., 58 Hun, 517, 12 N. Y. Supp. 848; Bonilla v. Mestre, 34 Hun, 551. It would certainly be a great hardship to the plaintiffs to deprive them of what seems to be their only method of obtaining the money which, according to the complaint, the debtors admit they owe to them, and which the said debtors have requested the trustees to pay out of the trust estate.

While, as I have above intimated, the questions raised here are involved in considerable doubt, still it seems to me that the ends of justice will be best served by holding that a cause of action is alleged over which a court of equity, in the exercise of its inherent powers, should assume jurisdiction. The demurrer is overruled, with leave to answer on payment of costs.

Demurrer overruled, with leave to answer on payment of costs.