FITZGERALD BROS. BREWING Co., Appellant, v. 825 BROADWAY RESTAURANT, INC., Respondent.

First Department, May 31, 1940.

*Leo Guzik* of counsel [*Oscar Fensterheim* with him on the brief], for the appellant.

*Walter Higgins* of counsel [*Coakley & Higgins*, attorneys], for the respondent.

GLENNON, J.   The defendant, the owner of a bar and grill, was sued by the plaintiff brewing company for $500.75 covering goods sold and delivered to it.   The action was instituted in the Municipal Court of the City of New York by the service of a summons on July 25, 1939.   On the following day a warrant of attachment was issued upon the ground that the defendant was about to remove its property with the intent to defraud its creditors.   Pursuant to the warrant, a levy was made on the defendant's assets by a marshal of the city of New York.   On July 28, 1939, the defendant moved to vacate the attachment upon the ground that the supporting affidavit was insufficient.   The motion was denied without opinion on July 31, 1939.   The defendant interposed no answer. As a result, on August 2, 1939, a default judgment was entered in favor of plaintiff in the sum of $524.59.   Execution was issued and an execution sale was held thereunder from which the plaintiff received $341.80 as a payment on account of the judgment. These facts apparently are not disputed by the parties to this litigation.

A notice of appeal to the Appellate Term of the Supreme Court from an order denying the motion to vacate the attachment was served on August seventeenth by the defendant.   Subsequently, during the month of October last, in a *per curiam* opinion, that court stated: " The attachment is not supported by the moving affidavit.   Order reversed, with ten dollars costs, and motion to vacate attachment granted."   In so ruling, we are of the opinion that the Appellate Term reached a correct conclusion and, consequently, the determination entered thereon must be affirmed.

At the same term of the court, plaintiff made a motion to dismiss the appeal, to which reference has just been made, on the ground that before the appeal was taken the attachment was no longer in existence.   In connection with this motion, it was contended by the plaintiff that the judgment which was entered by default was satisfied by the payment of $100 which was accepted by way of compromise and as a consequence a satisfaction of judgment was delivered to the attorney who, at that time, represented the defendant.

The difficulty with which we are now confronted, since the motion to dismiss the appeal was denied by the Appellate Term, is that the papers which are properly part of the record do not contain the satisfaction of judgment.   While the appellant handed up upon the argument a paper purporting to be a satisfaction of judgment, still it was not before the Appellate Term and we should not here consider it.   The appeal from the order involving the attachment could have continued even though the judgment

obtained by plaintiff were paid in full. (*Market Nat. Bank* v. *Pacific Nat. Bank*, 30 Hun, 50.) On the other hand, if defendant made a payment on the balance due on the judgment " by way of compromise, or with an agreement not to take or pursue an appeal," the defendant would have lost its right to proceed in an action on the bond which was given to secure the attachment. (*Hayes* v. *Nourse*, 107 N. Y. 577.) Defendant's attorney stated upon the argument that an action upon the bond was contemplated. If that be true, the brewing company in that action may safeguard its rights by proof of facts which will tend to substantiate the statements made in the moving affidavit on the motion to dismiss the appeal in the Appellate Term, that the entire claim between the parties was compromised.

However, the determination and the order here under review should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., O'MALLEY, COHN and CALLAHAN, JJ., concur.

Determination and the order appealed from unanimously affirmed, with twenty dollars costs and disbursements.