## WEINTRAUB v. FITZGERALD BROS. BREWING CO. et al.

District Court, S. D. New York.
Sept. 10, 1941.

Sam H. Lipchitz, of New York City, for plaintiff.

Oscar Fensterheim, of New York City, for defendant Fitzgerald Bros. Brewing Co.

RIFKIND, District Judge.

Defendant Fitzgerald, asserting that the court lacks jurisdiction of the subject matter, moves for an order dismissing the second cause of action.

Plaintiff sues in the capacity of trustee in bankruptcy of 825 Broadway Restaurant, Inc. (hereinafter called "the bankrupt"). The bankrupt commenced proceedings in this court on August 16, 1939, by filing its petition under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq. In due course, by order of September 7, 1939, plaintiff was appointed tentative trustee. On February 13, 1940, an order of adjudication was entered and this plaintiff became and qualified as bankruptcy trustee. Prior to the commencement of the bankruptcy proceedings, on July 25, 1939, defendant Fitzgerald instituted an action against the bankrupt in the Municipal Court of the City of New York; and on August 2, 1939, the bankrupt having defaulted, Fitzgerald was awarded judgment for $524.59.

The first cause of action alleged in the instant complaint asserts that Fitzgerald's judgment and the satisfaction thereof were preferential and seeks recovery under Section 60, sub. b of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. b. No attack is made on the first cause of action.

The second cause of action alleges substantially the following: In the Municipal Court action already mentioned Fitzgerald obtained, on July 26, 1939, a warrant of attachment which he delivered to defendant Epstein, a City Marshal, for execution. The latter levied upon and took possession of the equipment, furniture and stock in trade of the bankrupt and continued in possession thereof for several weeks. This possession resulted in large losses to the bankrupt's business. The damages claimed are $16,500. Interest is demanded from July 25, 1939.

From the complaint it further appears that three days after the attachment issued the bankrupt moved unsuccessfully to vacate it. However, an appeal prosecuted by the bankrupt (then debtor in possession) was successful. On December 1, 1939, the attachment was vacated. On further appeal this ruling was upheld (Fitzgerald Bros. Brewing Co. v. 825 Broadway Restaurant, Inc., 259 App.Div. 643, 20 N.Y.S.2d 192).

The *motion under consideration* challenges the court's jurisdiction of the second cause of action.

■ The complaint is barren of allegations from which any diversity of citizenship may be inferred. (The bankrupt's and not the trustee's citizenship is determinative. Coyle v. Duncan Spangler Coal Co., D.C., 288 F. 897; Stiefel v. 14th Street & Broadway Realty Corp., 2 Cir., 48 F.2d 1041.) Nor is any other ground of federal jurisdiction presented on the face of the complaint.

■ Section 23 of the Bankruptcy Act, 11 U.S.C.A. § 46, constitutes a restriction upon the general jurisdiction in bankruptcy granted by paragraphs (6) and (7) of Section 2, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 11, sub. a(6) (7). In re Rochford, 8 Cir., 124 F. 182; Schumacher v. Beeler, 293 U.S. 367, 55 S.Ct. 230, 79 L. Ed. 433.

In view of that restriction jurisdiction must be denied unless affirmatively shown to exist. Kelley v. Aarons, D.C., 238 F. 996, 1001.

The question is whether the second cause of action is within the terms of Section 23, sub. b so that jurisdiction is lacking unless saved by any of the exceptions therein enumerated.

■ The second cause of action seeks recovery for injury caused by wrongful attachment. For such an injury the remedy is an action in conversion or trespass. Kerr v. Mount, 28 N.Y. 659; McAllaster v. Bailey, 48 Hun 619, 1 N.Y.S. 12, affirmed 127 N.Y. 583, 28 N.E. 591; and See Note, 40 A.L.R. 594.

■ On the date of the unlawful taking the bankrupt acquired a right of action in tort. Northrop v. Hill, 57 N.Y. 351, 15 Am.Rep. 501. That event occurred prior to the filing of a petition under Chapter XI. The cause of action devolved on plaintiff by virtue of Section 70, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. a. Plaintiff's demand for interest from July 25, 1939 is confirmatory of the analysis made herein of his complaint.

■ It is not clear whether the wrongful possession of the defendants terminated prior to the filing of the Chapter XI petition, or continued beyond that date, but it is of no moment. Even if such possession did continue after the institution of the bankruptcy proceeding, it seems obvious that only one tort, a continuing one, is involved, and the institution of such proceeding cannot change the nature of the right of action. Nor do I think that it affects the jurisdictional question involved.

Clearly, by its terms, Section 23, sub. b applies and deprives this court of jurisdiction unless the defendant consents thereto or unless one of the exceptions enumerated in that section covers. Manifestly the action is not one for the recovery of preference payments, Section 60, sub. b, for the avoidance of a lien, Section 67, subs. a, e, or to set aside a fraudulent conveyance, Section 70, sub. e, 11 U.S.C.A. §§ 96, sub. b, 107, subs. a, e, 110, sub. e. Consequently, none of the exceptions recited in 23, sub. b saves the court's jurisdiction of the second cause of action.

So it has been held with respect to an action by a bankruptcy trustee to recover on a debt due the bankrupt, De Friece v. Bryant, D.C., 232 F. 233; for specific performance, Lowenstein v. Reikes, 2 Cir., 60 F.2d 933; and to recover a deposit previously made by the bankrupt, Stiefel v. 14th Street & Broadway Realty Corp., supra.

No reason has been advanced why the same rule should not apply to an action, derived from the bankrupt, in conversion or trespass.

■ Plaintiff suggests that the court's jurisdiction of the first cause of action extends over to the second cause of action. However, jurisdiction cannot be acquired by osmosis from accidental juxtaposition. Geneva Furniture Co. v. S. Karpen & Bros., 238 U.S. 254, 35 S.Ct. 788, 59 L.Ed. 1295.

Moreover, the second cause of action in no way arises out of or is incidental to the first. The latter is to recover the amount obtained by the defendant in satisfaction of the Municipal Court judgment. It is founded on Section 60, sub. b of the Bankruptcy Act. The amount demanded is $782.95. The only connections between the two causes are the identities of the parties and the fact that both transactions occurred in the Municipal Court.

■ Nor is it sufficient that so far as the subject matter is concerned the joinder of the two causes of action is proper under the rules of Civil Procedure, Rule 8(a) F.R.C.P., 28 U.S.C.A. following section 723c, for a joinder becomes improper when its effect is to enlarge the jurisdiction of the court. Rule 82.

The status of defendant Epstein in regard to this motion has not been touched by either of the parties. It does not appear whether he is represented by independent counsel or whether it is his intention actively to defend. Whatever may be his position, however, I think that he must be included in my disposition. The complaint fails to show that any diversity exists between the bankrupt and Epstein and it follows that as to him the second cause of action also fails. It is a well settled rule, whenever it appears that jurisdiction is lacking, that a federal court must, sua sponte, dismiss the cause. Atlas Life Ins. Co. v. W. I. Southern, Inc., 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987; Newcomb v. Burbank, 2 Cir., 181 F. 334.

In this case it appears affirmatively that defendant Fitzgerald is a citizen of the same state as the bankrupt and thus no amendment could be framed to cure the defect.

The motion of defendant Fitzgerald is granted without leave to the plaintiff to amend as to it. On the court's own motion, the second cause of action as to defendant Epstein is dismissed with leave to the plaintiff to amend, if possible, within ten days.

Submit order.