### BYRNE v. FRANK CUNNINGHAM STORES, Inc.

#### Civ. A. No. 3332-48.

United States District Court
District of Columbia.
March 27, 1950.

John P. Mullen, Washington, D. C., for plaintiff. · . .

Frank Paley and Bertrand Bernath, Washington, D. C., for defendant.

KIRKLAND, District Judge.

The facts in this case show that the plaintiff was the holder of a safety deposit box which she maintained in the Seventh & Massachusetts Avenue branch of the American Security & Trust Company of Washington, D. C., in the name of Margaret M. Byrne; that the defendant had a valid judgment against a Margaret M. Byrne, other than the plaintiff in this cause, in Municipal Court, Case No. 448-900, entered on May 5, 1947; that on the 14th day of July a writ of garnishment was issued against the said American Security & Trust Company at Fifteenth & Pennsylvania Avenue N. W., to which the said Trust Company replied that $0.42 had been attached; that the said Trust Company subsequently filed an amended answer stating that a safe deposit box had also been attached in regard to the above stated writ of garnishment; that the safe deposit box was held by the plaintiff in this action; that she was denied access to her safe deposit box by reason of the writ of garnishment; that she had never been indebted to the defendant in this action; and that by reason of the wrongful attachment she suffered damage. On the trial of the action, the jury found for the plaintiff and awarded her damages in the amount of $500.

Defendant now moves this Court to set aside the verdict or to award a new trial on the ground that this action was in the nature of an action for malicious prosecution, and that the plaintiff has failed to show the requisite malice or want of probable cause.

Counsel for defendant cites Perez v. Fernandez, 202 U.S. 80, 26 S.Ct. 561, 50 L.Ed. 942, to support his contention of the necessity of showing malicious intent and lack of probable cause to support a recovery for wrongful attachment. In this case the attachment was levied before judgment against the defendant in a civil action; thus the action is properly brought on the theory of malicious prosecution. In the case at bar, however, the attachment was levied after judgment against the property of one who was not a party to the action upon which the judgment was founded. The plaintiff here took no part in the original proceedings; thus she was subject to no prosecution. The proper theory for recovery of damages for wrongful attachment after judgment is that of trespass or con-

version. The rule was well stated in Weintraub v. Fitzgerald Bros. Brewing Co., D.C.S.D.N.Y. 1941, 40 F.Supp. 473, where the Court said at page 475, in discussing an attachment after judgment: "The second cause of action seeks recovery for injury caused by wrongful attachment. For such an injury the remedy is an action in conversion or trespass." See also Kerr v. Mount, 28 N.Y. 659; McAllaster v. Bailey, 48 Hun. 619, 1 N.Y.S. 12, affirmed 127 N.Y. 583, 28 N.E. 591.

It is a serious interference with the owner's control of property to refuse to surrender possession to him when he is entitled to it. A mistake of law or fact is no defense. The gravamen of the action is the exercise of control over the property so as to deny the rightful owner of the possession to which he is entitled. At common law the action of trespass protected the interest in the possession of the property. As in the case of trespass to land and conversion, the property right is protected at the expense of an innocent mistake.

In an action for damages for a wrongful attachment, the jury may find for the plaintiff for actual damages sustained by him; the jury may assess punitive damages only if they find that the attachment was made in bad faith and with malice. Tiblier v. Alford, C.C., 12 F. 262, 266. The general rule is that loss of the use of the property is an element of recovery in an action for wrongful attachment or garnishment.

The Court does not wish to upset the findings made by the jury, but since the jury failed to follow the Court's instructions as to damages and in the absence of proof of malice on the part of the defendant, the Court will order a remittitur of that part of the verdict which was assessed as punitive damages, being the amount of $300, and the Court will allow the balance of the verdict, being $200, which was awarded by the jury as compensatory damages to the plaintiff to stand.

Wherefore, the motion of the defendant is hereby denied, and the judgment as modified is affirmed.