SAMUEL J. CORNELL and Others, Respondents, *v.* EDWARD S. SAVAGE, Appellant, Impleaded with THE ATLANTA HOME INSURANCE COMPANY.

*Mortgage — covenant to insure the mortgaged property — when the proceeds of a policy of insurance issued to a transferee of the mortgagor cannot be followed by the mortgagee — conclusions of law are not admitted by a demurrer.*

The complaint in an action alleged that one Alfred B. Stoney, Sr., executed a mortgage to the plaintiffs upon the steamboat *Henry E. Bishop*, which mortgage provided that Stoney should secure fire and marine insurance upon the steamboat, for the security of the plaintiffs, in an amount not less than the amount of the mortgage, and that the plaintiffs might procure such insurance at the expense of Stoney if the latter neglected to obtain it; that thereafter Stoney transferred the steamboat to a corporation, and that neither he nor the corporation insured the vessel for the benefit of the plaintiffs; that the corporation thereafter procured a policy of insurance upon the steamboat, and that the latter was totally destroyed by fire while the policy was in force, and that the interest of the corporation in such policy had been assigned by it to a third party.

The complaint also alleged that Alfred B. Stoney, Sr., owned almost all the capital stock of the corporation, and that he " was, therefore, practically the sole owner of said steamboat *Henry E. Bishop*, and, by reason of the premises, owned an interest in her greater than the amount of the indebtedness still due from him to the plaintiffs, and that said alleged transfers above set forth were for the mere purpose of escaping personal liability on the part of said Alfred B. Stoney, Sr., who still remained the real and equitable owner of said steamboat." It demanded judgment that the balance due upon the mortgage be declared a first lien upon any fund found to be due under the policy of insurance issued to the corporation.

The complaint did not allege that the plaintiffs had obtained judgment against Alfred B. Stoney, Sr. The insurance company which issued the policy and the person to whom the corporation had assigned its rights under the policy were the sole defendants.

*Held*, that the complaint did not state a cause of action;

That it could not be sustained as a creditor's bill as no judgment had been recovered against Alfred B. Stoney, Sr.;

That the corporation had an insurable interest in the boat, entirely distinct from that of the plaintiffs or Stoney (assuming that the latter had any interest), and that it was this interest which was covered by the policy of insurance procured by the corporation, and that the plaintiffs had no interest in the proceeds of such policy;

That the allegations of the complaint, relative to Stoney's interest in the boat, resulting from his ownership of stock, was a conclusion of law, not admitted by the demurrer.

APPEAL by the defendant, Edward S. Savage, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 16th day of October, 1899, upon the decision of the court, rendered after a trial at the New York Special Term, overruling the said defendant's demurrer to the complaint.

*William H. Osborne*, for the appellant.

*Nelson Zabriskie*, for the respondents.

INGRAHAM, J.:

The complaint alleges that one Alfred B. Stoney, Sr., being indebted to the plaintiffs, executed and delivered to them a, mortgage upon the steamboat *Henry E. Bishop*, to secure the payment of $16,000, which mortgage contained the following clause : " It is further agreed that insurance shall be made at some office in New York City, N. Y., of some reliable fire and marine insurance company on the said steamboat *Henry E. Bishop* for the security of·the said Joseph Cornell, Russell, Abrams and Gibson, to an amount not less than the sum loaned as aforesaid, and the said Cornell, Russell, Abrams and Gibson are hereby authorized to procure such insurance at the expense of the said Alfred B. Stoney, if not seasonably obtained by said Alfred B. Stoney, loss, if any, thereunder to be made payable by the terms thereof to said Joseph Cornell *et al.* ; " that said.Stoney transferred the said steamboat to the New York Bay Transportation Company, a corporation organized under the laws of the State of New Jersey ; that Stoney failed to insure said vessel for the benefit of the said mortgagees, and that no such insurance in terms was ever effected thereon by Stoney's transferees ; that the defendant Atlanta Home Insurance Company duly executed

and issued a policy of insurance to the New York Bay Transportation Company upon the steamboat *Henry E. Bishop,* and the premium thereon was paid; that on August 26, 1898, said policy was in force when the said steamboat *Henry E. Bishop* was totally destroyed by fire; that soon after such fire the New York Bay Transportation Company caused proofs of loss of said fire to be made out and duly served upon the defendant the Atlanta Home Insurance Company, and demanded payment of the amount covered by said policy, and that after the said loss under the said policy all claims for loss or damage thereunder that had accrued were assigned to the defendant Edward S. Savage by the New York Bay Transportation Company; that the capital stock of the New York Bay Transportation Company consisted of 1,000 shares of fifty dollars each, and that the said Stoney was the owner and holder of all of said shares, except a few shares held by his son, Alfred B. Stoney, Jr., and one share held by one George D. Smith, and "was, therefore, practically the sole owner of said steamboat *Henry E. Bishop,* and, by reason of the premises, owned an interest in her greater than the amount of the indebtedness still due from him to the plaintiffs, and that said alleged transfers above set forth were for the mere purpose of escaping personal liability on the part of said Alfred B. Stoney, Sr., who still remained the real and equitable owner of said steamboat." And the complaint demands judgment that the balance due upon the said mortgage by Stoney to the plaintiffs be declared a first and prior lien upon any fund or sum of money which may be found to be due from the defendant Atlanta Home Insurance Company to the defendant Edward S. Savage, and that the said insurance company be decreed to pay to the plaintiffs the amount due upon the said mortgage.

The defendant Savage demurs to the complaint upon the ground that there is a defect of parties defendant by the omission of Alfred B. Stoney, Sr., the mortgagor named in the complaint, of Alfred B. Stoney, Jr., and of the New York Bay Transportation Company, and upon the further ground that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was overruled, and from an interlocutory judgment entered thereon the defendant Savage appeals.

It is not necessary to consider the first ground of demurrer, as we

think the complaint fails to state facts sufficient to constitute a cause of action. The complaint cannot be sustained as a creditor's bill to recover possession of property belonging to the debtor, and which should be applied to the payment of his indebtedness to the plaintiffs, as the plaintiffs are contract creditors and have obtained no judgment against the debtor. Nor do the facts alleged give to the plaintiffs an equitable lien upon the fund which arises from the obligation of the insurance company to pay to the New York Bay Transportation Company the value of its interest in the steamboat which was destroyed by fire. It was the property of the corporation in this steamboat that was insured, and not the interest of the mortgagees. The mortgagees insured their interest in the boat, and this insurance was paid, but was insufficient in amount to entirely satisfy their mortgage. Assuming that Stoney had an insurable interest in the boat as a stockholder of the corporation, the defendant corporation in which the title to the boat was vested, had also an insurable interest which it was entitled to protect and which was entirely distinct from the interest of the mortgagees. Neither in law nor in equity are the stockholders of a corporation, as to third parties, the owners of the property of the corporation. Nor are the creditors of a stockholder entitled to have the property of the corporation applied to the payment of the stockholders' indebtedness, or to subject it to the obligations of the stockholders. The allegation in the complaint that because of Stoney's ownership of stock in the corporation, he was practically the sole owner of the steamboat, and by reason of the premises owned an interest in the boat greater than the amount of indebtedness still due from him to the plaintiffs, was a conclusion of law which was not admitted by the demurrer. The facts alleged in the complaint were admitted, and assuming that upon the admitted facts Stoney had an insurable interest in the boat, and that the plaintiffs would have been entitled to an equitable lien upon any policy issued to insure that interest, this would have no application to a policy of insurance taken out by the holder of the legal title, who is under no obligation to insure the boat for the benefit of the mortgagee. The New York Bay Transportation Company acquired the equity of redemption in the steamboat, and it was this interest that the New York Bay Transportation Company insured by the policy in question; and it being under no obli-

gation to insure the boat for the benefit of the plaintiffs, the plaintiffs had no lien upon nor interest in the money paid by the insurance company under the contract by which such equity of redemption was insured. (*Herkimer* v. *Rice*, 27 N. Y. 163; *Carter* v. *Rockett*, 8 Paige, 437.) The plaintiffs' interest in the boat was, as before stated, distinct from that of the New York Bay Transportation Company. They had a right to insure such interest, and they exercised that right. The New York Bay Transportation Company also had a right to insure its interest, and it exercised that right; and the money due to the New York Bay Transportation Company, in consequence of its contract with the insurance company to indemnify it against loss by the burning of the steamboat, was not applicable to the payment of the loss sustained by the plaintiffs because of this destruction of its distinct interest in the boat, which the policy obtained by the New York Bay Transportation Company did not insure, and for which the New York Bay Transportation Company could not recover.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiffs to amend the complaint on payment of costs in this court and in the court below.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to plaintiffs to amend on payment of costs in this court and in the court below.