KRAEMER v. WILLIAMS et al.

(Supreme Court, Appellate Division, Second Department. March 19, 1909.)

1. PLEADING (§ 68*)—COMPLAINT—ALLEGATIONS ON INFORMATION AND BELIEF.
   In a complaint to set aside fraudulent conveyances, the allegation that the debtor has no property subject to execution may be made on information and belief.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 140; Dec. Dig. § 68.*]

2. FRAUDULENT CONVEYANCES (§ 264*) — ACTION TO SET ASIDE — COMPLAINT — EXHAUSTION OF LEGAL REMEDIES.
   In a complaint to set aside fraudulent conveyances, the allegation on information and belief that the debtor has no property subject to execution other than that conveyed, is not a sufficient substitute for an allegation of the exhaustion of the creditor's remedy at law by judgment and return of execution unsatisfied.
   [Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 767; Dec. Dig. § 264.*]

Appeal from Special Term, Queens County.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by John P. Kraemer against Thomas and Richard H. Williams. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and MILLER, JJ.

Emil Schneeloch, for appellant.

Harrison S. Moore, for respondents.

HIRSCHBERG, P. J. The action was commenced by the plaintiff for the purpose of obtaining a judgment against the defendant Thomas Williams on open accounts, and for the setting aside of conveyances made by said defendant to the defendant Richard H. Williams as fraudulent and void as to creditors. No attachment was issued against the property of the alleged debtor; the complaint stating that he had taken up his abode in a Western state since the execution of the conveyances, and, on information and belief, that he was possessed of no other property than that conveyed subject to levy under execution. The complaint was dismissed at Special Term on the ground that it did not state facts sufficient to constitute a cause of action.

I think the complaint was properly dismissed. There is no objection to the allegation being made upon information and belief that the debtor has no property other than that conveyed which is subject to execution. In most, if not in all, instances such an allegation could be made only in that way, if made under oath. But the opinion of a creditor that an execution or an attachment would be unavailing does not dispense with the necessity of exhausting legal remedies before seeking relief in equity. The rule is general and quite inflexible. In Adee v. Bigler, 81 N. Y. 349, it was held that, to entitle a creditor to the aid of a court of equity in reaching assets, there must be a judgment and execution issued thereon, and a return thereof unsatisfied. It was further held that the fact that the debtor is an insolvent corporation and has conveyed its property in contravention of the statute does not authorize a resort to equity until the remedy at law has been exhausted. See, also, Estes v. Wilcox, 67 N. Y. 264, and Cornell v. Savage, 49 App. Div. 429, 63 N. Y. Supp. 540. In Spelman et al. v. Freedman et al., 130 N. Y. 421, 425, 29 N. E. 765, 766, the court said:

"In support of their demurrer, the defendants contend that, as the plaintiffs are not judgment creditors of the assignor, they have no standing to maintain an action of this character. If this were an ordinary creditors' suit, brought to set aside the assignment as a fraudulent obstruction to the rights of the plaintiffs, it would be necessary for them to allege that they had exhausted their remedy at law. It is well settled that a simple contract creditor cannot attack as fraudulent the transfer by his debtor of property applicable to the payment of the debt until after the recovery of judgment, the issue and levy of an execution, or its return unsatisfied. Dunlevy v. Tallmadge, 32 N. Y. 457; Adee v. Bigler, 81 N. Y. 349; Adsit v. Butler, 87 N. Y. 585; Wait on Fraudulent Conveyances and Creditors' Bills, 106; Code Civ. Proc. § 1871; 2 Rev. St. (1st Ed.) p. 173, pt. 3, c. 1, tit. 2, § 38."

In Adsit v. Butler, supra, it was held that, even in an action by a judgment creditor to set a conveyance of real estate aside on the ground of fraud, the return of an execution unsatisfied is essential to give the court jurisdiction, or the action must be brought in aid of an execution then outstanding. The court also held in that case that

allegations that the debtor is dead and that he was wholly insolvent from the time of the rendition of the judgment are not sufficient to excuse a failure to exhaust the legal remedies first.

The case of Patchen v. Rofkar, 12 App. Div. 475, 42 N. Y. Supp. 35, and 52 App. Div. 367, 65 N. Y. Supp. 122, is not in point, as in that case the assignment sought to be set aside was a general assignment for the benefit of creditors, covering all the debtor's property, and it has no relation to an assignment of specific property where, in spite of the opinion of the creditor, there may be other property subject to the payment of the claim. In the case of National Tradesmen's Bank v. Wetmore, 124 N. Y. 241, 26 N. E. 548, the action brought by the plaintiff was abated by order of the court, and it was held that the rule now invoked does not extend so far as to deny to a creditor the interposition of the equity powers of the court, where the situation is such as to render it impossible for him to take the preliminary steps.

In the case at bar, it was suggested by the learned justice at Special Term that it might have been sufficient if the plaintiff had issued an attachment with the service of process, and exhausted that remedy before obtaining the equitable relief sought; but, whether that be so or not, it seems quite clear under the authorities that such legal remedy as is available should be first invoked.

The judgment should be affirmed, with costs. All concur.