Augustus D. Romain, Plaintiff, *v.* Kline Realty and Improvement Company, Defendant.

Supreme Court, Kings County, April 21, 1926.

Fraudulent conveyances — judgment creditor's action to set aside alleged fraudulent assignment by judgment debtor — complaint contained no allegation that execution ever issued on judgment or that execution ever was returned unsatisfied thereon in whole or in part — plaintiff not excused from issuing execution or pleading issuance and return thereof unsatisfied where defendant corporation has not been dissolved — complaint dismissed.

In an action by the plaintiff as a judgment creditor in his own behalf against an alleged assignee of a judgment debtor's property to set aside an alleged assignment as having been made with intent to defraud the judgment creditors, the complaint which fails to set out that execution was ever issued on the judgment relied upon by plaintiff or that execution was ever returned unsatisfied in whole or in part, is insufficient in law and must be dismissed as failing to constitute a cause of action.

An allegation in said complaint reciting that the defendant corporation had ceased to operate and surrendered its offices, is not a sufficient allegation to dispense with the issuance of execution or such as will excuse plaintiff from pleading that execution has been issued and been returned unsatisfied, where it appears that the defendant has not been legally dissolved.

Action by judgment creditor to set aside an alleged fraudulent assignment by the judgment debtor.

*Thomas O'Rourke Gallagher*, for the plaintiff.

*Morris Weiss*, for the defendant.

Carswell, J.   The sole question is whether or not the complaint states a cause of action.   This is an equity action brought by the plaintiff as a judgment creditor in his own behalf against an alleged assignee of the judgment debtor's property to set aside an alleged assignment as having been made with intent to defraud the judgment debtor's creditors.   There is no allegation that execution was ever issued on the judgment relied upon by plaintiff, or that the same was ever returned unsatisfied in whole or part.   It is essential to the stating of a good cause of action that it appear that the plaintiff in such an action has exhausted his remedies at law.   (*Adsit v. Butler*, 87 N. Y. 585; *Prentiss v. Bowden*, 145 id. 342; *Kraemer v. Williams*, 131 App. Div. 236.)

It is conceded that there is no such allegation in the complaint herein.   Plaintiff asserts, however, that facts are alleged which show that the issuance of such an execution would be futile and that these facts excuse the issuing of execution or the pleading that execution has

issued and been returned unsatisfied. Five of the cases he cites concern themselves with situations where the corporations were judicially dissolved, which situations, of course, do not parallel the situation herein. Two other cases he cites relate to instances where executions were issued and returned unsatisfied. He also cites the case of *National Tradesmen's Bank* v. *Wetmore* (124 N. Y. 241). In that case the plaintiff was under a legal disability to do acts which would enable him to issue execution and have it returned unsatisfied, and, therefore, the court excused because of that legal disability a pleading that execution had issued and been returned unsatisfied. In this case there is no such legal disability.

This brings us to whether the language pleaded in paragraph 6 of the complaint contains allegations of fact which excuse the plaintiff in failing to exhaust his legal remedies upon the judgment he has obtained. The allegation he relies upon is " that shortly after, or in or about the month of August, 1921, said Biltwell Land & Building Corporation ceased to operate, gave up its offices, lost its identity, and since then has had no place of business, and upon information and belief has no property within this State or elsewhere since the making of such assignment, except the property so assigned." This is not a sufficient allegation to dispense with the issuance of execution. A corporation may cease to operate and give up its offices and yet live and have properties available to execution. The requirement that execution issue as a condition precedent is to avoid dispute on the point whether a judgment creditor has exhausted his remedies or could obtain legal relief, and the minimum proof on this point is the issuance of the execution so that no dispute need exist about the matter. That is the reason for the rule, as has been pointed out in *Prentiss* v. *Bowden* (*supra*): " Equity intervenes always for a reason and never needlessly: and, declining its relief when there is a sufficient and adequate remedy at law, is obliged to say by what proof it shall be established that the remedy at law has been tried and failed. It has selected for that proof the issue and return of an execution, both because that is the natural and usual mode of enforcing the legal right, and because it is easy to prove or disprove and involves no necessary dispute. We are not at liberty, therefore, to disregard it as a needless and unmeaning ceremony."

Within the foregoing principle, and having in mind that the corporation has not been legally dissolved, and that the plaintiff herein is not under a legal disability, the complaint herein is insufficient in law because of its failure to allege that execution has issued and been returned unsatisfied. It follows, therefore, that there must be judgment for the defendant under rule 112 of the

Rules of Civil Practice in that the complaint does not state facts sufficient to constitute a cause of action. The notice of examination based thereon is vacated.