JOHN C. ZIMMERMAN and Another, Plaintiffs, v. WILLIAM E. C. MERRIMAN and Others, Defendants.

Supreme Court, Steuben County, June 9, 1927.

Equity — judgment creditor's action — complaint — complaint against makers of notes and transferees of real property from makers, dismissed as to transferees for failure to allege no adequate remedy at law.

The complaint in this action alleges that two of the defendants are the makers of overdue notes and that they fraudulently transferred real property to other defendants. The complaint demands judgment against the makers and that the judgment become a lien upon the premises, and that the transfers be set aside. The complaint must be dismissed as to the transferees, for an action in equity to set aside a conveyance fraudulent as to creditors cannot be maintained until after a judgment has been entered against the transferors and execution returned unsatisfied. Accordingly, the complaint is defective as to the transferees.

MOTION to dismiss complaint for failure to state a cause of action.

*Floyd W. Annabel*, for the plaintiff.

*James McCall*, for the defendants Turnbull.

THOMPSON, J. The rather comprehensive complaint alleges plaintiff's ownership of various over-due notes against two defendants; charges a fraudulent transfer of real estate by such defendants to the other defendants; prays for judgment on the notes against the makers, and that the judgment become a lien upon the premises; that the transfers be set aside, and for an injunction against the sale, and the appointment of a receiver of the property, pending the action. Defendants move for dismissal of the complaint, and to vacate the notice of pendency which plaintiff has filed with the complaint, on the ground that a cause of action is not stated. No application for an attachment has been made although it appears

the defendant makers of the notes have departed and remain away from the State. Neither has plaintiff reduced to judgment any claim against either or any defendant.

Even in these days of short and simple practice it may not be incautious to say that this is a creditor's action. In such an action the complaint must allege facts showing that plaintiff has exhausted his remedy at law before he can obtain the aid of a court of equity. His legal remedy must be first invoked. (*Kraemer* v. *Williams,* 131 App. Div. 236.)

It seems that the only method of showing that there is no sufficient and adequate remedy at law is by establishing that such remedy has been tried and failed. And equity requires this to be done by proof of the issue and return of an execution. (*Prentiss* v. *Bowden,* 145 N. Y. 342; *Rockmore* v. *Epstein,* 127 Misc. 526.)

Thus it is that in such a case an action at law for money damages cannot be joined with an action in equity to set aside a conveyance as fraudulent, for there must first be a judgment. He " must first establish his debt by the judgment of a court of competent jurisdiction, and either acquire a lien upon the specific property or be in a situation to perfect a lien thereon and subject it to the payment of his judgment upon the removal of the obstacle presented by the fraudulent assignment or transfer. The rule is well settled that a creditor's bill filed for the purpose of removing a fraudulent obstruction must show that such removal will enable the judgment to attach upon the property. * * * If he seeks real or personal estate which would be liable to execution but for fraudulent obstructions placed in the way by the debtor he must show an execution issued and outstanding at the time the action is commenced, or returned unsatisfied in whole or in part." (Baylies' Code Pl. & Pr. [2d ed.] 275, 276.)

Motion granted and complaint dismissed, with costs. So ordered.